In the Matter of the Claim of EDNA SAENGER, Respondent, against FELIX A. LOCKE et al., Appellants. STATE INDUSTRIAL COMMISSION, Respondent.

**Workmen's Compensation Law— when employee in millinery business, a hazardous employment, injured by ammonia thrown in her face by a co-employee, by mistake, not entitled to compensation.**

Where an employee engaged in the millinery business, a hazardous employment, had a dispute with her boss with regard to her work and as a result became nervous and fainted, and ammonia was thrown in her face by a co-employee, to revive her, causing injuries for which a claim is made, she is not entitled to compensation. The injuries received by claimant were accidental and arose in the course of her employment, but they did not arise out of such employment.

*Matter of Saenger* v. *Locke,* 175 App. Div. 963, reversed.

(Argued April 19, 1917; decided May 1, 1917.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered December 1, 1916, affirming an award of the State Industrial Commission under the Workmen's Compensation Law.

The facts, so far as material, are stated in the opinion.

*John N. Carlisle* and *Alfred W. Andrews* for appellants. The injuries received by claimant did not arise out of her employment, and were not ordinary and incident to her employment. (*O'Neil* v. *Carley Heater Co.,* 218 N. Y. 414; *De Filippis* v. *Falkenburg,* 170 App. Div. 153; 219 N. Y. 581; *Glatz* v. *Stumpp,* 220 N. Y. 71; *Newman* v. *Newman,* 218 N. Y. 325; *Matter of Hertz* v. *Ruppert,* 218 N. Y. 152; *Fitzgerald* v. *Clarke,* L. R. [2 K. B.] 796; *Sheldon* v. *Needham,* 7 B. W. C. C. 471; *Butler* v. *Burton-on-Trent,* 5 B. W. C. C. 355; *Rogers* v.

*P. S. Board,* 5 B. W. C. C. 547; *Peel* v. *Lawrence,* 5 B. W. C. C. 274.) To sustain an award there must be some relation between the hazardous employment and the accident. (*Fogarty* v. *Nat. Biscuit Co.,* 175 App. Div. 729; *Peel* v. *Lawrence,* 5 B. W. C. C. 247; *Slade* v. *Taylor,* 8 B. W. C. C. 65.) It is not enough for the claimant to say that the accident would not have happened if she had not been engaged in that employment. She must go further and show that the accident arose because she was exposed by the nature of her employment to the peculiar danger which caused the injury and that such danger arose out of her employment. (Willis's Workmen's Compensation [15th ed.], 28; *Craske* v. *Wigan,* L. R. [2 K. B.] 635; *Butler* v. *Burton-on-Trent Union,* 5 B. W. C. C. 355; *Clifford* v. *Jay,* 2 B. W. C. C. 32; *Amys* v. *Barton,* 5 B. W. C. C. 124; *Bellaway* v. *Humphries,* 6 B. W. C. C. 53; *Warner* v. *Couchman,* L. R. [1 K. B.] 351.) A wholly unnecessary or unreasonable act which is done during the period of employment cannot be regarded as a risk of the employment. (Willis's Workmen's Compensation [15th ed.], 36; *Smith* v. *Normantown Colliery Co.,* L. R. [1 K. B.] 205; *M'Laren* v. *Caledonian Hall Co.,* 5 B. W. C. C. 492; *Horsfall* v. *Owners of Jura,* 6 B. W. C. C. 213.)

*Egburt E. Woodbury, Attorney-General (E. C. Aiken* of counsel), for respondent. The injuries received by the claimant arose out of and in the course of her employment. (*Heitz* v. *Ruppert,* 218 N. Y. 148; *Archibald* v. *Ott,* 87 S. E. Rep. 791; *McKinnon* v. *J. & P. Hutchinson,* 8 B. W. C. C. 624; *Vennen* v. *N. D. Lumber Co.,* 154 N. W. Rep. 640.) No break in the employment is caused by the furnishing of assistance to a fellow-workman in an emergency or to rescue him from danger. (*Dragowich* v. *Iroquois Iron Co.,* 109 N. E. Rep. 999; *Yates* v. *S. K. F. & H. Collieries,* 3 B. W. C. C. 418.)

ANDREWS, J. Felix A. Locke was engaged in the millinery business and in the making of hats and feathers in New York city. This was a hazardous employment. Edna Saenger was one of his employees.

On February 11th, 1916, while working in the millinery department she had some difference with her boss with regard to her work. As a result she became nervous and hysterical and fainted.

Two of her co-employees rushed to get water and ammonia. They returned, one with a glass of ammonia and one with a glass of water. In some way these glasses became mixed and the ammonia was thrown into the face of Edna Saenger, causing the injuries for which an award was made her.

Clearly the injuries so received by her were accidental and arose in the course of her employment but they did not arise out of such employment.

If she had fainted because of fumes present in the work room and so falling had injured herself, a different question would have been presented; but the claimant fainted because of her physical condition and even if her faintness might have been said to have resulted from her quarrel with her boss with regard to her work, the fainting was in no proper sense connected with the accident.

The accident was caused by a co-employee mistaking the two glasses containing ammonia and water, not because the ammonia was exposed and an error arose as to its nature or use. The employee who obtained it knew precisely what it was.

The employer had not furnished the ammonia as medicine for his employees nor had he authorized in any way its use by them as a medicine.

A fainting such as is shown in this case and help such as was given is not a natural incident to the business. It has no more connection with it than if a physician had been called in and having been handed glasses of ammonia and water had made the same mistake.

In *Matter of De Filippis* v. *Falkenberg* (170 App. Div. 153; affd., 219 N. Y. 581) an employee was injured by being struck in the eye by scissors thrust through a partition by a fellow-servant as a practical joke. Such an injury did not arise out of the employment.

Where injuries result from quarrels between fellow-servants the rule is that where the quarrel arose out of matters pertaining to the business, then the accident arises out of the employment. Where the quarrel is an independent affair having no connection with the master's work, then it does not. (*Matter of Heitz* v. *Ruppert*, 218 N. Y. 148.)

As is said in the case last cited, the injury must be received as a natural incident of the work. It must be one of the risks connected with the employment, flowing therefrom as a natural consequence and directly connected with the work. Such is not this case.

The order of the Appellate Division should be reversed and the claim dismissed, with costs in Appellate Division and in this court against the industrial commission.

HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO and POUND, JJ., concur; MCLAUGHLIN, J., not voting.

Order reversed, etc.