*Walter L. Glenney* and *Bertrand L. Pettigrew* for appellants.

*Charles D. Newton, Attorney-General (E. C. Aiken* of counsel), for respondent.

Order affirmed, with costs; no opinion.

Concur: HOGAN, CARDOZO, POUND, CRANE and ANDREWS, JJ. Dissenting: HISCOCK, Ch. J., and McLAUGHLIN, J.

---

In the Matter of the Claim of MARIE BANDASSI, Respondent, *v.* CHARLES P. MOLLA et al., Copartners under the Firm Name of MOLLA & ARRIGONI, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

*Workmen's Compensation Law — workman employed on ground floor of building as forgeman and blacksmith killed through fall of iron pipe from floor occupied by another firm — accident held to have arisen out of and in course of employment.*

*Bandassi* v. *Molla*, 200 App. Div. 266, affirmed.
(Argued October 5, 1922; decided October 24, 1922.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered March 14, 1922, which unanimously affirmed an award of the state industrial board made under the Workmen's Compensation Law. Defendants were engaged in the business of manufacturing tools in the rear of the ground floor of premises in New York city. Claimant's husband was employed as a forgeman and blacksmith. While at his place of employment he was killed through the falling of a pipe through a skylight from the eighth floor of the building. The pipe at the time of its fall was being repaired by workmen employed by another firm which occupied the premises above the defendants' shop. It was held that the accident arose out of and in the course of employment.

*Almond D. Fisk* for appellants.

*Charles D. Newton, Attorney-General (E. C. Aiken* of counsel), for respondent.

Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

In the Matter of the Application of ANNIE BAUMANN et al., Respondents, for Dissolution of WILLAT STUDIOS & LABORATORIES, INC., a Corporation.

ADAM KESSEL, JR., et al., Appellants.

*Corporations — dissolution — court upon vacating so much of order to show cause as appointed referee may upon appointing new referee direct him to proceed without further publication or service of the order to show cause.*

*Matter of Baumann*, 201 App. Div. 136, affirmed.

(Submitted October 5, 1922; decided October 24, 1922.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 16, 1922, which affirmed an order of Special Term vacating so much of a prior order to show cause why a corporation should not be dissolved as appointed a referee, appointing a new referee and directing him to proceed under the original order without republication or reservice of the order.

The following question was certified: " When an order to show cause, returnable before a referee, has been made under section 178 of the General Corporation Law, and such order has been published and served, pursuant to sections 179 and 180 of the General Corporation Law, has the Supreme Court power, upon vacating so much of the order to show cause as appointed the referee and upon appointing a new referee, to direct the new referee to proceed without new or further publication and service of the order to show cause or of the order appointing the new referee, as if the new referee had been originally designated in such order to show cause? "

*John L. Lockwood* for appellants.

*Henry Brill* and *Arthur S. Friend* for respondents.

Order affirmed, with costs, and question certified answered in the affirmative; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.