In the Matter of the Claim of ALBERT J. McCARTER, Respondent, against LEON P. LAROCK et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

**Workmen's compensation — master and servant — workman injured in course of employment by accident entirely disconnected therefrom not entitled to award.**

An injury to a workman, while at work on a building being erected by his employer, from flying fragments of a shell which had been preserved on adjoining premises as a souvenir of the war, and exploded, is not an accidental injury " arising out of   *   *   *   employment " within the meaning of the Workmen's Compensation Law (Cons. Laws, ch. 67). The provision of the statute that the injuries must arise out of the employment means that the employment in a reasonable sense must lead to the injuries and requires that there shall be some perceptible, causal connection between the employment and the accident causing the injuries. In order to uphold an award the risk which causes the injury must, within rational limits, be incidental thereto and more than a risk utterly disconnected from and unrelated to the employment and which only causes injury because the employee happens to be in a certain position. Authorities collated, discussed, distinguished and limited.

*Matter of McCarter* v. *LaRock*, 212 App. Div. 843, reversed.

(Argued May 4, 1925; decided June 2, 1925.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 26, 1925, affirming an award of the State Industrial Board, made under the Workmen's Compensation Law.

*George H. Hooker* for appellants. The injuries received are not compensable under the Workmen's Compensation Law, because the injury herein did not arise both " out of and in the course of " claimant's employment. (*Matter of Heitz* v. *Ruppert,* 218 N. Y. 148; *Matter of Scholtzhauer* v. *C. & L. Lunch Co.,* 233 N. Y. 12; *DeSalvo* v. *Jenkins,* 205 App. Div. 198; 239 N. Y. 531; *Matter of DeFillipis* v. *Falkenburg,* 170 App. Div. 153; 219 N. Y. 581; *Matter of Kowalek* v. *N. Y. Cons. R. R. Co.,* 229 N. Y. 489; *Matter of Gilford* v. *Patterson,* 222 N. Y. 4; *Matter of Saenger* v. *Locke,* 220 N. Y. 556; *Allcock* v. *Rogers,* 11 B. W. C. C. 149; *Matter of Newman* v. *Newman,* 169 App. Div. 746; *Craske* v. *Wigan,* [1909] 2 K. B. 635.) The injury to claimant was caused by an outside hazard not connected with, or inherent in, his employment, or the place where he was required to work. (*Kass* v. *Hirschberg, Schultz & Co.,* 191 App. Div. 300; *DeSalvo* v. *Jenkins,* 205 App. Div. 198; *Matter of Kowalek* v. *N. Y. Consolidated R. R. Co.,* 229 N. Y. 489; *Allcock* v. *Rogers,* 11 B. W. C. C. 149; *Matter of Scholtzhauer,* 233 N. Y. 12.)

*Albert Ottinger, Attorney-General (E. C. Aiken* of counsel), for respondents. The injuries to the claimant arose out of and in the course of his employment. (*Roberts* v. *Newcombe & Co.,* 201 App. Div. 759; 234 N. Y. 533; *Simpson* v. *Sinclair,* 10 B. W. C. C. 220; *Leonbruno* v. *Champlain Silk Mills,* 229 N. Y. 470.)

HISCOCK, Ch. J. This appeal in effect presents the question whether our Workmen's Compensation Act is to be interpreted as furnishing a species of insurance

against all injuries received in the course of employment or whether it is to be interpreted as meaning that there must be a traceable, causal connection between the employment and the risk which has caused the injuries other than mere location of the employee.

While the claimant was at work on a building being erected by his employer a shell which had been preserved on adjoining premises as a souvenir of the war exploded and flying fragments not only injured him but killed other people and the decisive question is whether this was an accidental injury " arising out of  *  *  * employment." It seems to the majority of the court. that it was not. They believe that the provision of the statute that the injuries must arise out of the employment means that the employment in a reasonable sense must lead to the injuries and requires that there shall be some perceptible, causal connection between the employment and the accident causing the injuries. There was not in our judgment in any true sense any such connection.

Nobody argues that this accident could have been foreseen or anticipated; nobody claims that the work being performed produced the explosion and accident or that it subjected the workman to a risk known beforehand or, as seen after the event, either peculiarly or generally incidental to the employment. It was an accident absolutely detached from and foreign to his employment. The fact that the explosion happened upon the adjoining premises is of no consequence in the theory urged for affirming the award, for, if that theory is correct, the explosion might just as well have happened half a mile away. The only supposed relation between the employment and the accident and the sole basis for upholding an award, as we understand it, is that if the claimant had not been working on this particular house he would not have been hit by a fragment of the shell. The theory for upholding an award, therefore, becomes the naked one that if an accident happens causing injury to a

workman because by reason of his employment he was in the place where he was, the necessary relationship between accident and employment is established and the accident is to be regarded as one arising out of the employment. We have thus far found ourselves unable to give that interpretation to our statute. No matter how finely we may have shaded the meaning of words and liberally interpreted the statute in order to uphold awards, this court thus far has definitely and consistently refused to adopt the interpretation of the statute now being urged, and a few cases will be referred to for the purpose of showing not only by what was said in the opinions but by the decisions themselves that we have insisted that there must be some connection between accident and employment other than a mere physical location of the employee which placed him in the pathway of a cause producing injuries, no matter where or how that cause originated.

In the earliest cases the court, accustomed and still influenced perhaps by the principles governing responsibility for negligence, gave importance to the obligation of reasonable anticipation of the accident. (*Matter of Waters* v. *Taylor Co.*, 218 N. Y. 248.) In later decisions we undoubtedly have modified this requirement but we have nevertheless held that even though the accident was not to be anticipated it must nevertheless be one between which and the employment there appeared a causative connection.

*Matter of Heitz* v. *Ruppert* (218 N. Y. 148) perhaps may be regarded as the fundamental decision in this court dealing with this question and prescribing the rule which must govern its solution. In that case injuries arose as the result of an altercation between two fellow-servants following a reproof administered by one to the other. The injuries clearly sprang out of the employment in which the two men were engaged and were fairly incidental thereto. Judge POUND in behalf of the court writing an opinion

sustaining an award said: " The injury must be received
(1) while the workman is doing the duty he is employed
to perform, and also (2) as a natural incident of the work.
It must be one of the risks connected with the employ-
ment, flowing therefrom as a natural consequence and
directly connected with the work." And again: " The
evidence in this case is sufficient to permit the commission
to find that the following facts sought to be proved were
established: that it was an obligation of claimant's
employment to take care of the horses which he drove
and to see that they were not injured by injudicious
wetting or otherwise by his fellow-workmen; that in the
course of their employment — while the two men were
at work — a quarrel or argument over the wetting of the
horses arose and personal injury grew out of the physical
contact resulting from the quarrel, and that, therefore,
the accident (a) arose out of * * * employment."

In *Matter of Kowalek* v. *N. Y. Consol. Ry. Co.* (229
N. Y. 489, 494), where an employee was killed when
leaving his day's employment, we refused to uphold an
award, saying: " An injury does not arise out of the
employment unless the hazard causing it is, within rational
apprehension, an attribute of or peculiar to the specific
duties of the employment. The fact that the contract
of employment exists and necessitates the acts of per-
formance may or will occasion for the employee risks not
reasonably incidental to the chararacter of the work or
employment. For the injuries caused by or flowing from
those risks the statute does not direct or permit com-
pensation." And as especially applicable to the theory
advanced in this case, " This conclusion is not affected
by the fact that the employee would not, except for the
employment, have been where such danger or hazard
existed." ·

In *Matter of DeSalvo* v. *Jenkins* (239 N. Y. 531) the claim-
ant while at his post of duty as a night watchman was
injured by a shot from an air gun accidentally discharged

on the premises. We held that the injuries arose from an accident which was in no manner connected with or incidental to claimant's employment and necessarily we held that the claimant was not entitled to an award simply because his employment took him to the place where he was and placed him in the course of the shot accidentally discharged.

In *Matter of Leonbruno* v. *Champlain Silk Mills* (229 N. Y. 470, 471) we held that the claimant was entitled to an award for injuries caused by an apple thrown by a fellow-employee while engaged in horseplay in the factory where they were working. We did so, however, with express recognition of the necessity for a reasonable connection between the employment and the accident, saying, through Judge CARDOZO: " The claimant's presence in a factory in association with other workmen involved exposure to the risk of injury from the careless acts of those about him. * * * Whatever men and boys will do, when gathered together in such surroundings, at all events if it is something reasonably to be expected, was one of the perils of his service. * * * The claimant was injured, not merely while he was in a factory, but because he was in a factory, in touch with associations and conditions inseparable from factory life. The risks of such associations and conditions were risks of the employment."

In *Matter of Heidemann* v. *Am. Dist. Tel. Co.* (230 N. Y. 305, 307) where a night watchman on the street was accidentally killed by a shot fired by a police officer in pursuit of burglars an award was affirmed. But the basis of that decision again was that the man by reason of his employment and as incidental thereto was especially exposed to such perils as the one which resulted in his death. We said, again speaking through Judge CARDOZO, that these duties, " involved exposure to something more than the ordinary perils of the street * * *. For him [the claimant] in a measure not common to the public generally,

[240 N. Y. 282]     Opinion, per HISCOCK, Ch. J.     [June,

there was exposure to the perils that come from contact with the criminal and lawless.  *  *  *  He was brought by the conditions of his work ' within the zone of special danger.' "

In *Matter of Madura* v. *City of N. Y.* (238 N. Y. 214) we held that an employee who was struck by lightning while seeking shelter under a tree from a storm was, under the circumstances of that case, " in the course of his employment " and that an award should be sustained on the theory that his employment exposed him to a special risk of being struck by lightning, that is, that this accident was one which was incidental to his employment under the circumstances.  (See, also, *Matter of Saenger* v. *Locke,* 220 N. Y. 556; *Matter of Scholtzhauer* v. *C. & L. Lunch Co.* 233 N. Y. 12.)

The principle underlying decisions upholding awards for injuries caused by what have been ordinarily called " street risks " is not any different than that involved in the cases which have been referred to.  We have simply held that where an employee is called by his employment to go upon the street he is subjected to special risks as the result of such employment and is entitled to compensation for injuries resulting from such risk even though the particular injury may be unusual. We have recognized that these perils of the street may be " strange, unanticipated and infrequent " but that if the employee in fulfilling his employment is specially subjected to such risks, whatever they may be, we will uphold an award.  (*Matter of Katz* v. *Kadans & Co.,* 232 N. Y. 420.)

An illustration of the application of this principle is found in the case of *Matter of Roberts* v. *Newcomb & Co.,* (234 N. Y. 553) where an award was upheld in favor of an employee who was injured while on the street in the course of his employment, by the explosion of a bomb, this being the so-called Wall Street Explosion case.  We held that the claimant's employment caused him to be

upon the street and specially subjected him to the risks of which this explosion was one. It would be immaterial for the purposes of this discussion if these cases should be regarded as an exception to or extension of ordinary rules of liability, for as in the other cases, awards are based upon the unaltered principle that the accident was the result of a risk incidental to and attending the employment.

In each of these cases where an award was upheld it could be fairly said, as it was said by the court, that the employment naturally subjected the employee to the risk by which he was injured and the decisions, in my opinion, furnish a volume of controlling authority for the proposition that in order to uphold an award the risk which causes the injury must, within rational limits, be incidental to the employment and more than a risk utterly disconnected from and unrelated to the employment and which only causes injury because the employee happens to be in a certain position.

I now pass to the consideration of certain cases which are thought to uphold the present award.

The first of these is that of *Thom* v. *Sinclair* (10 B. W. C. C. 220). In that case it was decided by the House of Lords that an award should be allowed as for an injury received in the course of employment where an employee had been placed at work near a wall which was being erected and which fell and injured her while so employed. Very possibly an award under such circumstances might be sustained within the cases which have been referred to. It is quite within the range of experience that where walls are being constructed bricks fall, scaffolds give way and even the walls themselves collapse and, therefore, it might be said that an employee placed at work next to such a wall was being subjected as an incident of his employment to a very appreciable risk. But in so far as it was said in the course of the opinions delivered in this

case that the Compensation Act made an employer an insurer and that it was not necessary to look beyond the accident itself for the purpose of discovering whether it was at all incidental to the employment, the decision is opposed to our law.

We think that the effect of this decision is more or less curtailed by the later decision of the House of Lords in *Allcock* v. *Rogers* (11 B. W. C. C. 149) where it was held that an employee injured in cleaning a plate on an outside door of a public house and injured by a bomb dropped by an enemy aircraft was not entitled to an award. It was held that there was no evidence of any· special danger attaching to the spot where the man was told to work and that it was impossible to say that the danger of being struck by a bomb could properly be called a street risk and, therefore, the accident did not arise out of the employment. Certainly this decision is in conflict with the theory now being advanced that all that need be established as the basis for an award is that the employment place the employee in a particular spot where he was injured. It seems to me to hold that in addition the risk which caused the injury must be so incidental to the employment that it could be said to be a special one.

The *Thom* decision also seems to be at variance with the decision in *Bateman* v. *Albion Combing Co.*, decided by the Court of Appeal, England, and reported in 7 Butterworth's Workmen's Compensation Cases, 47. In that case the question was whether a workman engaged in work in a mill yard and struck by something intentionally thrown out of an upper window of the mill could have an award and it was held that he could not. In that case as in the present one the injury was the result of a casual occurrence which had no relation to the employment.

*Matter of Bandassi* v. *Molla* (234 N. Y. 554) instead of sustaining an award in this case displays a perfectly logical application of the principle which we have been discussing,

that the accident must have some incidental relation to
the employment. In that case an award was allowed
where a workman working on the lower floor of a factory
building was injured by something dropped through an
opening by a workman engaged in doing repair work
upon an upper floor. It certainly is well within the
limits of rational comprehension and apprehension that
workmen thus engaged drop things and that an employee
placed at work under their operations is subjected to a
risk of injury from falling objects which is incidental to
his employment. The decision allowing an award under
such circumstances was entirely in accord with what had
been previously decided in the *Leonbruno* case, cited
*supra*, and simply held that an employee by the con-
ditions of his employment was brought within the range
of special risks reasonably to be apprehended.

The remaining case to be considered is that of *Matter
of Domres* v. *Syracuse Safe Co.* (240 N. Y. ——). In that
case by a closely divided court an award was upheld in
favor of an employee who, while sitting on the street steps
of his employer's factory during the noon hour for pur-
poses of refreshment, was injured by an automobile which
deviated from its course and struck him. We had no
trouble in determining that such an employee was in the
course of his employment. The question was whether the
accident arose out of his employment. In the considera-
tion of this question the court was much limited by the
findings unanimously affirmed that the injuries did thus
arise out of and in the course of his employment and while
some of the judges who voted for an award may have
considered that they might look beyond the general find-
ing to the special findings and may have based their views
on the theory of a street risk, there was nothing in the
decision which was intended to disregard the principle of
causal connection and incidental relationship already so
fully discussed.

In conclusion, therefore, however strong may be the

economic and sociological arguments in favor of a compensation statute which practically insures the employee against everything except his own misconduct, we think that this court is thoroughly and justifiably committed to an interpretation of our present statute which requires as the basis for an award a causal connection, apparent to a reasonable mind upon consideration of all the circumstances, between the conditions under which the work is required to be performed and the resulting injury; injury from an accident which need not have been foreseen or expected but which after the event must appear to have had its origin in a risk incidental to the employment and to have flowed from that source as a rational consequence, and that there must be more than a mere location of the employee in the pathway of an accident entirely disconnected from his employment.

These views lead to a reversal of the order of the Appellate Division and of the award of the State Industrial Board and a dismissal of the claim, with costs in all courts against State Industrial Board.

McLAUGHLIN, CRANE and ANDREWS, JJ., concur; CARDOZO and LEHMAN, JJ., dissent; POUND, J., absent.

Order reversed, etc.