In the Matter of the Claim of JOSEPH FISCHER, Respondent, against R. HOE & Co., INC., and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, September 20, 1928.

Bacon & Tippett [Clarence B. Tippett of counsel], for the appellants.

Albert Ottinger, Attorney-General [E. C. Aiken, Assistant Attorney-General, of counsel], for the respondents.

HILL, J. Claimant suffered a compensable injury of the right middle finger. During convalescence he called at a doctor's office for a change of dressing, which consisted of a pack saturated with alcohol and boric acid. After leaving the office, he ignited a match to light a cigarette, and in so doing, the dressing caught fire. The burn caused the loss of a part of the thumb and little finger, and other involvements of the hand, so that an award for fifty-five per cent loss of use of the right hand was made. There is no causal connection between the hand injury resulting from the burn and the original finger injury. The only connection is that the finger first injured was bandaged. This is not sufficient. (Carr v. Donner Steel Co., 207 App. Div. 3; Matter of Saenger v. Locke, 220 N. Y. 556.) "In each of these cases where an award was upheld it could be fairly said * * * that the employment naturally subjected the employee to the risk by which he was injured." (Matter of McCarter v. LaRock, 240 N. Y. 282, 289.) The lighting of the cigarette at such time and under such conditions was not connected with the employment.

The award should be reversed and matter remitted for consideration of the original injury to the right middle finger.

VAN KIRK, P. J., HINMAN, DAVIS and HASBROUCK, JJ., concur.

Award reversed and claim remitted, with costs against the State Industrial Board to abide the event.