In the Matter of the Claim of ANNA LEBEDA, Respondent, against STEVEN PONGRACZ and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 13, 1930.

*John P. Smith* [*Thomas D. Scoble, Jr.,* of counsel], for the appellants.

*Hamilton Ward, Attorney-General* [*George S. Kelly, Deputy Assistant Attorney-General,* of counsel], for the respondents.

WHITMYER, J. The employer was a manufacturer of shoes on the sixth floor of a building at No. 10 Bleecker street, New York city, N. Y. His report states that the deceased was " night watch " and was injured in regular occupation.

Deceased commenced work at five P. M. each evening. It was his duty to clean the floor, pair the lasts, and to remain there at night, sleeping there on " a bed, like a sofa."

On December 31, 1928, at about midnight, he was hit in the right eye by a stray bullet, which came through a window. The bullet came out at the base of his skull. He was found in a crouched position between a table and a partition in the rear, facing a rear window. Apparently, he had been sitting on a chair by the window. There was no fire escape on that side and none there at all, except three or four stories below. Nothing was missing and there were no signs of breaking in.

A clean hole, about the size of a twenty-five cent piece, was in the window, in a line, almost, with the wound in his eye. He

had an overcoat on, but no underwear, pants or shoes. Outside, people were celebrating the New Year. He had been in this country about one year and it looks as if he may have gone to the window to see what was going on. No one saw the occurrence.

The employer's report states that deceased was injured in his regular occupation but does not state that the shooting arose out of it. His work brought him to the place, but the risk which caused his death, namely, the bullet from the revolver, happening to come from the street through the window in the course of the celebration, was not so incidental to the employment that it could be said to be a special risk.

The injury was not an accidental one arising out of the employment within the meaning of the Workmen's Compensation Law. (*McCarter* v. *La Rock*, 240 N. Y. 282, 284, 285.)

On the authority of the *La Rock* case, the award should be reversed and the claim dismissed.

HINMAN, Acting P. J., and DAVIS, J., concur; HILL, J., dissents, with a memorandum; HASBROUCK, J., not voting.

HILL, J. (dissenting). It was the duty of this watchman to look and ascertain whether the tumult was occasioned by New Year's revelers or by those intending mischief and to guard his employer's property from either. The proven facts justify the inference that claimant was killed while so engaged.

The award should be affirmed.

Award reversed and claim dismissed, with costs against the State Industrial Board.