## THIRD DEPARTMENT, MARCH, 1933.

In the Matter of the Claim by the COMMISSIONER OF TAXATION AND FINANCE, on Account of the Death of ROBERT MORGAN, Deceased, Employee, Respondent, against JOHN BERGIN and Another, Appellants.

### STATE INDUSTRIAL BOARD, Respondent.*

BLISS, J. (dissenting). Deceased was a " visiting janitor " who came every day to his employer's premises, cleaned the place, looked after the fires and then went on his way to perform similar work elsewhere. He had no special hours. He received his pay for two weeks, amounting to twenty-five dollars, at about two o'clock in the afternoon. About four hours later as he went down into the employer's premises to pull on the light, two men assaulted and robbed him, inflicting wounds of which he died. They took about ninety-five dollars from his person. Deceased was survived by a widow whose application for compensation was denied. After her death an award was made by the Industrial Board to the Industrial Commissioner " Special Fund " and the Industrial Commissioner " Vocational Rehabilitation Fund " in the sum of $500 each. From this award the employer and insurance carrier appealed. The question is whether deceased's death arose out of his employment. He was not a watchman. He was not guarding the property. His death was in no way connected by proximity of time or location with his duty to receive his wages. His employment did not multiply the chance that he would be near the trouble which finally hit him and thus increase his exposure to this particular risk. His was not a constant hazard of robbery. (*Matter of Heidemann* v. *Am. District Tel. Co.*, 230 N. Y. 305.) His work brought him to the place, but the risk which caused his death was not so incidental to his employment that it could be said to be a special risk. (*Matter of Lebeda* v. *Pongracz*, 230 App. Div. 606; affd., 256 N. Y. 560.) He ran a risk of robbery in common with all other citizens. He had on his person an amount of money considerably in excess of his wages and therein lay the inducement for the crime, the special risk from which he met his death. Janitors are not subject to an unusual criminal hazard. There is no criminal risk inherent in the nature of their employment such as is constantly incurred by policemen, night watchmen and similar guardians of property and person. I dissent and vote to reverse the award and dismiss the claim. McNamee, J., concurs.

---

* Affd., 262 N. Y. 673.