[Civ. No. 6551. Third Appellate District.—March 1, 1941.]

ASSOCIATED INDEMNITY CORPORATION (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and FRED ZURBUCHEN, Respondents.

Purvis, Jakobsen & Kennedy for Petitioner.

Everett A. Corten for Respondents.

PULLEN, P. J.—This is a petition to review an award of the Industrial Accident Commission.

The facts are brief. Fred Zurbuchen, the applicant, was employed as a laborer on the ranch of John W. Flint. On the day in question Mr. Zurbuchen, who was operating a tractor, went to the ranch house to get some planks to extricate the tractor from some soft ground. He then started back to the tractor, riding in the truck with the planks by way of a private lane on the land of his employer, when he was struck in the neck by a bullet from a rifle fired by a boy, who was shooting at a bird, just as the truck came around the corner of the barn. The boy did not see the truck, and the incident was purely accidental. The boy was not a member of the household of the rancher but lived on a neighboring place, and was not in the habit of shooting or hunting on the Flint ranch or in proximity to the employees of the ranch.

It is conceded that Mr. Zurbuchen was in the course of his employment at the time of the accident, but the question here is whether or not the accident was one that arose out of his employment. This element is important, for section 6 (a) of the Workmen's Compensation Act, Statutes of 1937 as amended, now found in section 3700 of the Labor Code (Stats. 1937, chap. 90), provides:

"Liability for compensation provided by this Act in lieu of any other liability whatsoever to any person, shall, without regards to negligence, exist against an employer for any injury sustained by his employees arising out of and in the course of the employment, and for the death of any such employee if the injury shall proximately cause death, . . . ''

The Industrial Accident Commission has found that the injury of the applicant did arise out of his employment, and able counsel have appeared before us in support of that finding.

We are familiar with, and are in full accord with the admonition of the act that courts, in interpreting its provisions, shall liberally construe the same that its benefits may be extended for the protection of persons injured in the course of their employment (sec. 69, Workmen's Compensation Act) but we cannot find in the record before us facts that will support the conclusion of the commission.

That there must be some causal connection between the injury and the employment is essential. In *California*

*Casualty Indemnity Exchange* v. *Industrial Accident Com.,* 190 Cal. 433 [213 Pac. 257], it was said:

"It was not intended by the Compensation Act that the employer who comes within its provisions shall be the insurer of his employee at all times during the period of his employment.

"The employer is liable for compensation only when an injury occurs to the employee while performing some act for the employer in the course of his employment, or incidental to it, *Fairbank Co.* v. *Ind. Comm.* 285 Ill. 11, 13 [120 N. E. 457]. There must be some connection between the injury and the employment other than the mere fact that the employment brought the injured party to the place of injury. There must be some causal connection between the employment and the injury in the sense that, by reason of the employment, there was an unusual or additional exposure of the injured party to the kind or character of hazard and danger (in this case an ordinary street risk) which caused the injury. The injury must have its origin in a risk connected with the employment, and must have flowed from that source as a rational and natural course."

In at least four cases the commission has, itself, on facts quite similar to the present case, held the injury did not arise out of the employment.

In *Matsusaka* v. *Shearer & White et al.,* 12 I. A. C. 222, the employee, a farm laborer, was fatally wounded by a stray bullet while at work on a ranch. There was evidence that on several previous occasions the owner of a neighboring ranch had used a rifle to shoot squirrels on her place. A death benefit was denied on the ground that the risk of being struck by bullets due to shooting at squirrels or targets on neighboring premises is not a hazard of employment as a farm hand and therefore death from being struck by a stray bullet does not arise out of the employment.

In *Travelers Ins. Co.* v. *Moon Chin,* 12 I. A. C. 150, the employee, employed as a cook in a restaurant, was struck by a bullet fired by a third person in the restaurant. It was held that the employee's occupation did not expose him to the risk of being struck by bullets at the hands of customers, and the risk, if any, was a risk common to all and the inquiry therefore did not arise out of the employment.

In *Hicks* v. *White et al.,* 18 I. A. C. 80, the employee was struck by a stray bullet while he was picking oranges in the

employer's grove. The bullet came from an unknown source. It was held that the injury did not arise out of the employment.

Also in *Gayton* v. *State Compensation Ins. Fund,* 9 I. A. C. 215, a truck driver, while in the course of his duties, was traveling upon a public highway, and was struck by a stone thrown by some unknown person who was throwing stones across the highway at some birds. The injury was purely accidental. It was held that notwithstanding the applicant was present at the time and place of his injury only because of his performance of the duties of his employment, he nevertheless was not exposed by his employment to any risk of such injury in excess of that of the commonalty, and therefore the injury did not arise out of the employment and was not compensable.

The respondents strongly rely upon the case of *Frigidaire Corp.* v. *Industrial Accident Com.,* (1929) 103 Cal. App. 27 [283 Pac. 974]. There an award of compensation to the dependents of an employee, who was killed by a stray bullet from the gun of a police officer who was pursuing a suspected criminal, was upheld. At the time of the accident, the employee, a zone manager of the Frigidaire Corporation, had completed his business in Reno for his employer and was standing on the railroad station platform awaiting the arrival of a train which would return him to his home in San Francisco. The award was upheld on the ground that the injury arose from a risk incident to the employment, in that case a "street risk". The court there said:

"The danger must result from the place to make it a street risk, but that is enough if the workman is in the place by reason of his employment, and in the discharge of his duty to his employer. The street becomes a dangerous place when street brawlers, highwaymen, escaping criminals, or violent madmen are afoot therein, as they sometimes are. The danger of being struck by them by accident is a street risk because it is incident to passing through or being on the street when dangerous characters are abroad. Particularly on the crowded streets of a great city, not only do vehicles collide, pavements become out of repair, and crowds jostle, but mad or biting dogs may run wild, gunmen may discharge their weapons, police officers may shoot at fugitives fleeing from justice, or other things may happen from which accidental injuries result to people on the streets, which are

peculiar to the use of the streets, and do not commonly happen indoors.''

However, the court, after reviewing many other cases, also there said:

''The theory upon which compensation is awarded in the class of accidents above mentioned is that the causal connection between the employment and the injury, which is essential to make it compensable, consists in the fact that the employment requires the presence of the employee upon the street and the fact that the injury was caused by some human or mechanical instrumentality incidental to the use of the street.''

From this it is apparent the court has differentiated that case from the instant case. Mr. Zurbuchen was a farm laborer and was not subjected to the so called ''street risks''.

The respondent commission also cites the case of *Larson* v. *Industrial Accident Com.*, 193 Cal. 406 [224 Pac. 744]. There an employee on a large grain ranch was injured when a choreman, to revive a fire burning in a wood stove in the bunkhouse, poured oil into the stove, which exploded, injuring several. The commission made an award, and in upholding such an award the court pointed out the employees were compelled by their employer to lodge in the bunkhouse, and in accordance with the general rule that where employees, under their contract of employment, are required to sleep upon the premises of their employer, the employee is considered as performing services for his employer during all the time he is on the premises. The employee was rightfully in the bunkhouse, and the choreman was performing his regular duties in attending the fire in the bunkhouse; there was thus a causal connection between the employee and his duties.

In *Paulsen* v. *Industrial Accident Com.*, 6 Cal. App. (2d) 570 [45 Pac. (2d) 285], also cited by respondent, an employee, in sandpapering a wall, injured his finger upon a hidden nail and suffered an infection. The respondent compares the coming in contact with the nail to one who comes in contact with a stray bullet. However, the situations are not similar—the man sandpapering the wall was exposed to the risk of accidental injury coming from that wall. There was not such causal connection between the farm employee and a bullet from a rifle, in the absence of some special exposure on the employer's premises.

North Carolina has a provision in her compensation laws similar to ours (Pub. Laws 1929, c. 120, part of par. 4) that injury must arise out of as well as in the course of employment, and has held that an employee accidently shot by a third person other than a fellow employee cannot recover from his employer.

In *Whitley* v. *North Carolina State Highway Com.*, 201 N. C. 539 [160 S. E. 827], an employee, working on a truck, was accidentally shot by a hunter, the truck being located in the employer's shop. It was held the injury did not arise out of the employment.

In *Lebeda* v. *Pongracz*, 230 App. Div. 606 [246 N. Y. Supp. 293], a night watchman, while on the sixth floor of a building, was shot by a stray bullet from New Year's revelers. An award by the Industrial Accident Commission was reversed, the court holding the injury was not an accidental one arising out of the employment within the meaning of the statute; citing *McCarter* v. *La Rock*, 240 N. Y. 282 [148 N. E. 523]. In the McCarter case, *supra*, an artillery shell exploded, injuring an employee working on an adjoining building. Among other things the court said in denying relief:

" . . . however strong may be the economic and sociological arguments in favor of a compensation statute which practically insures the employee against everything except his own misconduct, we think that this court is thoroughly and justifiably committed to an interpretation of our present statute, which requires as the basis for an award a causal connection, apparent to a reasonable mind upon consideration of all the circumstances, between the conditions under which the work is required to be performed, and the resulting injury; injury from an accident which need not have been foreseen or expected, but which after the event must appear to have had its origin in a risk incidental to the employment and to have flowed from that source as a rational consequence, and that there must be more than a mere location of the employee in the pathway of an accident entirely disconnected from his employment."

We are unable to find that the injury to Mr. Zurbuchen arose out of his employment. The award is annulled.

Thompson, J., and Tuttle, J., concurred.