[Civ. No. 9098.   Third Dist.   Jan. 8, 1957.]

TRUCK INSURANCE EXCHANGE, Petitioner v. INDUS-
TRIAL ACCIDENT COMMISSION and ODAS W.
PATTERSON, Respondents.

Mullen & Filippi for Petitioner.

A. E. Corten and Daniel C. Murphy for Respondents.

PEEK, J.—Petitioner seeks to review an order of the re-
spondent commission awarding benefits to respondent Pat-
terson who, while working on his employer's farm, was hit
by a stray bullet fired from a .22 rifle by a 10-year-old boy
on a neighboring farm.

Two contentions are made by petitioner: (1) That the in-
jury did not arise out of the employment and was not proxi-
mately caused thereby; and- (2) that the commission erred
in making an award for future medical treatment.

It would seem wholly unnecessary to discuss in detail the
numerous cases from other jurisdictions cited in support of
petitioner's contention that the injury is not compensable,
and that therefore the rule expressed in *Associated Indem.*

*Corp.* v. *Industrial Acc. Com. (Zurbuchen)*, 43 Cal.App.2d 292 [110 P.2d 676], is controlling. Suffice it to say that while we agree with petitioner that factually the case is substantially on all fours with the present one, we cannot agree that the Zurbuchen case has not been overruled and hence is controlling.

That case was decided in 1941. In 1950 the First District Court of Appeal, Division One, was presented with a very similar question in the case of *Industrial Indem. Co.* v. *Industrial Acc. Com. (Baxter)*, 95 Cal.App.2d 804 [214 P.2d 41]. There the court, speaking through Mr. Justice Bray, ably discussed with critical particularity all of the cases in this state, beginning with *Kimbol* v. *Industrial Acc. Com.*, 173 Cal. 351 [160 P. 150, Ann.Cas. 1917E 312, L.R.A. 1917B 595], wherein this question had been presented. The decision notes that while our courts generally have labored the problem at length in an attempt ". . . to show that the actual substance which injured the employee was an instrumentality of the employer, a real analysis of the facts and rulings in these cases shows that actually the courts were allowing compensation because his employment brought the employee into what became a position of danger even though that danger was not, and in many instances could not, have been foreseen either by the employer or employee, and even though the risk was not peculiar to the particular location." (P. 810. See also 18 Cal.L.Rev. 562.)

The Baxter case was followed by the recent case of *Madin* v. *Industrial Acc. Com.* (1956), 46 Cal.2d 90 [292 P.2d 892]. In that opinion the court quoted with approval and at length from the Baxter case and held that ". . . injuries occurring in the course of employment also arise out of the employment and hence . . . [are] compensable although the factor which put in motion the force causing the injury was something over which the employer had no control and with which he had no connection." (P. 93.) Additionally, the court held that the Zurbuchen case was "contrary" to the rule enunciated in that it failed to give the liberal construction required of workmen's compensation laws, and was not in "accord" with the Baxter case and the other cases cited with approval in the Madin case.

The petitioner's second contention, that the award for further medical treatment which might become necessary is in error, is based upon a portion of the doctor's report wherein it was stated that the applicant ". . . is in need of

no additional medical care.'' However, that is not the full context of the comment. The doctor, after noting that the progress of the patient had been satisfactory, concluded,

"  .  .  .  .  .  .  .  .  .  .  .  .

"It is my recommendation that this patient be reexamined in approximately two months. If at that time he has had no complication from his injury, it will probably be in order to consider a settlement of his claim.

"The patient will have permanent disability consisting of limitation of motion of the right shoulder and the present measurements appear to be remaining about the same in their degree of limitation."

As respondents note, the petitioner is not aggrieved by this phase of the award and cannot be unless a claim for some specific treatment is made, in which event petitioner will have its day in court to present any legal or factual defense it may have against such a claim. Here it is quite apparent that the doctor anticipated the possibility of further examination and the possibility of future complications. Also the nature of the disability suggests the possibility of future medical needs. The contention of petitioner that the award is unsupported in this regard cannot, therefore, be sustained.

The award is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.