In the Matter of the Claim of ANIELLO DE ANGELIS, Appellant, v. GARFINKEL PAINTING Co. et al., Respondents. WORKMEN's COMPENSATION BOARD, Respondent.

Third Department, December 27, 1963.

*Isaacson, Robustelli & Fox* (*J. S. Isaacson* of counsel), for appellant.

*Daniel Powell* and *Seymour J. Bernstein* for Garfinkel Painting Co. and another, respondents.

*Louis J. Lefkowitz, Attorney-General,* for Workmen's Compensation Board, respondent.

BERGAN, P. J. Claimant, while working as a painter, was injured when a stone was thrown through a window breaking the pane. The stone and broken glass from the window both struck claimant in the face. Although the facts are entirely undisputed and the Workmen's Compensation Board has found that "the accident arose in the course of employment", it dismissed the claim at a matter of law because "it did not arise out of the employment".

The authority on which the board acted was *Matter of McCarter* v. *La Rock* (240 N. Y. 282 [1925]). Claimant in that case was injured by the explosion of an old shell in property adjoining the employer's premises. The court held the accident did not arise out of the employment since the risk must be more than one "utterly disconnected from and unrelated to the employment" and in which the risk "only causes" injury because the employee "happens to be in a certain position" (p. 289).

The case at bar does not fall readily into the category established by that decision. The stone thrown through a window of the work premises, first damaging the premises and then injuring the employee both directly and by the broken material of the work premises itself, is quite a different thing from an injury caused by an old shell exploding in other premises and in which the work site plays no role as a causative factor in the causation of injury.

Moreover, the presumption created by section 21 of the Workmen's Compensation Law that the accident arose out of the employment, as well as in it, is not overcome by the somewhat equivocal facts in the record before us. (*Matter of Humphrey* v. *Tietjen & Steffin Milk Co.,* 235 App. Div. 470, affd. 261 N. Y. 549.) What was said in *Matter of Ramos* v. *Taxi Tr. Co.* (276 App. Div. 101, 104) about *Humphrey,* that the facts on which the presumption rested were not there disputed applies with equal force to the case now here. In *Ramos* there was substantial controverting evidence to defeat the presumption.

But here it is apparent, and perhaps likely, that the person who threw the stone into the closed window of the work prem-

ises intended to damage the premises. Nothing in this record tends to defeat the presumption of section 21. Indeed, if the premises were set on fire, or blown up by an enemy of the owner, it could not seriously be argued that the claimant's injury would not arise out of the employment. The case at bar is, indeed, precisely the kind of case in which the mandate of the statutory presumption ought to be effective.

Besides all this, it seems clear from the subsequent trend of the New York decisions that the rule of *McCarter* has been so distinguished and circumscribed that it now retains little vitality and ought to be limited almost to its own peculiar facts. In *Matter of Filitti* v. *Lerode Homes Corp.* (244 N. Y. 291) a claim was sustained arising from a cornice falling from an adjoining building. The court regarded this as '' a risk which arose from working alongside or underneath a building '' (p. 293).

In *Matter of Malena* v. *Leff* (265 N. Y. 533) an explosion in an adjoining building caused a collapse of the wall of that building, which fell on the roof of the work premises causing claimant's injury. An award was upheld on the authority of *Filitti*; *McCarter* was not referred to.

The injury in the case before us, caused in part by the broken glass of the work premises itself, seems a stronger case for compensation than *Malena*. (See, also, *Matter of Christiansen* v. *Hill Reproduction Co.*, 262 App. Div. 379, affd. 287 N. Y. 690; *Matter of Santos* v. *Guemes*, 270 App. Div. 1057, mot. for lv. to app. den. 296 N. Y. 1061; *Matter of Groppe* v. *Penney Co.*, 272 App. Div. 851, mot. for lv. to app. den. 297 N. Y. 1035.)

The decision should be reversed and the claim remitted to the board for its further consideration with costs to appellant against respondents employer and carrier.

TAYLOR, J. (dissenting). In *Matter of McCarter* v. *La Rock* (240 N. Y. 282, 285) upon which the board principally relied it was stated: '' [W]e have insisted that there must be some connection between accident and employment other than a mere physical location of the employee which placed him in the pathway of a cause producing injuries, no matter where or how that cause originated.'' Quite obviously the application of this rule to the facts of the case at bar would require the affirmance of the board's decision.

A majority of the court has reached the conclusion, however, that the holdings of the Court of Appeals in *Matter of Filitti* v. *Lerode Homes Corp.* (244 N. Y. 291) and *Matter of Malena* v. *Leff* (265 N. Y. 533) have rendered the general principle announced in *McCarter* no longer viable. I do not concur in this rationale.

*Filitti* distinguished but did not overrule *McCarter* as the following excerpt from its opinion clearly demonstrates (p. 293) : '' There was no special danger attaching to the spot where the [claimant] was told to work.

'' The case before us is different in this very particular. The danger from the falling cornice attached to the spot where the claimant was at work; it was peculiar to the situation, and a risk which arose from working alongside or underneath a building; the wall might fall down (*Thom* v. *Sinclair,* 10 B. W. C. C. 220), or articles might fall from above (*Matter of Bandassi* v. *Molla,* 234 N. Y. 554). This claimant was, therefore, working ' within the zone of special danger ' (*Matter of Leonbruno* v. *Champlain Silk Mills,* 229 N. Y. 470), and was, therefore, injured through an accident arising out of his employment '' (pp. 293–294).

Further evidence of the demarcation is found in the cited case of *Leonbruno* where a claimant was held to have been entitled to an award for injuries caused by an apple thrown by a fellow employee while engaged in horseplay in the factory where both were working. There it was said (p. 472) : '' The claimant was injured, not merely while he was in a factory, but because he was in a factory, in touch with associations and conditions inseparable from factory life.'' Moreover, the opinion in *McCarter* contained the *caveat* that the award in *Leonbruno* had been upheld '' with express recognition of the necessity for a reasonable connection between the employment and the accident '' (p. 287).

*Matter of Lebeda* v. *Pongracz* (230 App. Div. 606, affd. 256 N. Y. 560) which, of course, followed in point of time the decision in *Filitti* upon which the court in the later case of *Malena* solely relied also supports the view that the *McCarter* precedent is still intact. In *Lebeda* claimant, a cleaner, while engaged in the performance of his duties upon the employer's premises was hit in the eye by a stray bullet which had entered them from the street through a nearby window. A majority of this court resting its decision squarely on *McCarter* held that the injury was not an accidental one arising out of employment, reversed the board and dismissed the claim. The Court of Appeals unanimously affirmed.

*Matter of Christiansen* v. *Hill Reproduction Co.* (262 App. Div. 379, affd. 287 N. Y. 690) and *Matter of Santos* v. *Guemes* (270 App. Div. 1057, mot. for lv. to app. den. 296 N. Y. 1061) were street risk cases and hence inapposite here. Our decision in *Matter of Groppe* v. *Penney Co.* (272 App. Div. 851, mot. for lv. to app. den. 297 N. Y. 1035) also referred to in the majority

opinion merely upheld without citation of authority a factual determination by the board which was the converse of its finding here. "Each case must to a certain extent stand alone." (*Matter of Heitz* v. *Ruppert,* 218 N. Y. 148, 153.)

Accordingly, I dissent and vote to affirm the decision of the board.

GIBSON and HERLIHY, JJ., concur with BERGAN, P. J.; TAYLOR, J., dissents, in an opinion, and votes to affirm, in which REYNOLDS, J., concurs.

Decision reversed and claim remitted to the Workmen's Compensation Board in accordance with opinion.