In the Matter of the Claim of ANTONIO FILITTI against LERODE HOMES CORPORATION et al., Respondents. THE STATE INDUSTRIAL BOARD, Appellant.

**Workmen's compensation — master and servant — workman engaged in excavating alongside building injured by fall of part of cornice thereof entitled to compensation — accident one arising out of employment.**

A workman who, while digging a hole in connection with the erection of a building, was struck by a piece of cornice which fell from a building on the lot next to the place where he was working, is entitled to compensation under the Workmen's Compensation Law for the injury received. The danger from the falling cornice attached to the spot where the claimant was at work; it was peculiar to the situation and a risk which arose from working alongside or underneath a building. He was working within the zone of special danger and was injured through an accident arising out of his employment. (*McCarter* v. *La Rock*, 240 N. Y. 282; *Allcock* v. *Rogers*, 11 B. W. C. C. 149, distinguished.)

*Matter of Filitti* v. *Lerode Homes Corporation*, 218 App. Div. 803, reversed.

(Argued January 10, 1927; decided February 23, 1927.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered December 8, 1926, reversing an award of the State Industrial Board made under the Workmen's Compensation Law and dismissing the claim.

*Albert Ottinger,* Attorney-General (*E. C. Aiken* of counsel), for appellant. The order of the Appellate Division should be reversed. (*Bandassi* v. *Molla,* 234 N. Y. 554; *Domres* v. *Syracuse Safe Co.,* 240 N. Y. 611; *Thom·* v. *Sinclair,* 10 B. W. C. C. 220.)

*Jeremiah F. Connor* and *Daniel Mungall* for respondents. The injuries received by the claimant did not arise out of his employment. (*Matter of McCarter* v. *LaRock,* 240 N. Y. 282; *Bateman* v. *Albion Combing Co.,* 7 B. W. C. C. 47.)

CRANE, J. The claimant, Antonio Filitti, was employed by the Lerode Homes Corporation in constructing a brick building at 43 to 47 Seventy-fourth street, Brooklyn. He was a general laborer, and on the tenth day of October, 1925, was digging a hole in which to put an iron beam. While bending over at his work, he was struck by a piece of cornice which fell from the adjoining building, an apartment house, No. 39 Seventy-fourth street. No work was being done by the contractors on this apartment house. The claimant was digging alongside the apartment house which was on the lot next to the place where he was working. The cornice,. therefore, was almost directly above him.

The Appellate Division has dismissed the claim made for compensation under the Workmen's Compensation Law, holding on the authority of *Matter of McCarter* v. *LaRock* (240 N. Y. 282) that the accident did not arise out of the employment. We think the Appellate Division has misconstrued the *McCarter* case and that there is a marked distinction between the facts there involved and those which brought about the accident in this case. The claimant in the *McCarter* case was injured by an exploding shell while working on a building being erected by his employer. A shell which had been preserved on adjoining premises as a souvenir of the war exploded, and flying

fragments not only injured the workman, but killed other people. The fact that the injured workman was on the adjoining premises was a mere incident, and did not in itself increase the risks from his work. That is, the danger from the exploding shell was not from its nature confined to the adjoining premises or limited to work carried on there. The adjoining premises were rendered no more dangerous by reason of the shell than the street or other nearby places. It was a danger shared by anybody and everybody within the radius of the carrying charge of the shell. Therefore, the danger to the claimant was not a risk peculiar to or arising out of his employment. This was the point made by this court in the *McCarter* case, and the one we considered distinguished it from the other cases cited. Chief Judge HISCOCK in his opinion said: " It was an accident absolutely detached from and foreign to his employment. The fact that the explosion happened upon the adjoining premises is of no consequence in the theory urged for affirming the award, for, if that theory is correct, the explosion might just as well have happened half a mile away."

The *McCarter* case on this point was like *Allcock* v. *Rogers* (11 B. W. C. C. 149), where it was held that an employee injured in cleaning a plate on an outside door of a public house, and injured by a bomb dropped by an enemy aircraft, was not entitled to an award. There was no special danger attaching to the spot where the man was told to work.

The case before us is different in this very particular. The danger from the falling cornice attached to the spot where the claimant was at work; it was peculiar to the situation, and a risk which arose from working alongside or underneath a building; the wall might fall down (*Thom* v. *Sinclair*, 10 B. W. C. C. 220), or articles might fall from above (*Matter of Bandassi* v. *Molla*, 234 N. Y. 554). This claimant was, therefore, working " within the zone of special danger " (*Matter of Leonbruno* v. *Cham-*

*plain Silk Mills,* 229 N. Y. 470), and was, therefore, injured through an accident arising out of his employment.

The order of the Appellate Division should be reversed, and the award of the State Industrial Board reinstated, with costs in all courts.

CARDOZO, Ch. J., POUND, ANDREWS and LEHMAN, JJ., concur; KELLOGG, J., not sitting.

Ordered accordingly.