MORRIS WEISS, an Infant, by RUDOLPH WEISS, His Guardian ad Litem, Respondent, *v.* EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LIMITED, Appellant.

Supreme Court, Appellate Term, First Department, January 31, 1928.

**Insurance — indemnity insurance — action under Insurance Law, § 109, on policy of indemnity insurance insuring against injuries suffered by persons " other than employees "— plaintiff, though working on premises, was licensee — policy limits liability of insurer so as to exclude claims which would entitle injured person to compensation under Workmen's Compensation Law — summary judgment granted plaintiff.**

Plaintiff, who was injured while working on premises of a theatre company insured under an indemnity insurance policy against injuries suffered by persons " other

than employees," is entitled to summary judgment against the insurer, in an action brought under section 109 of the Insurance Law, where the evidence establishes that plaintiff was either a licensee or invitee and not an " employee " in the sense in which the word is used in defendant's policy.

The word " employee," as used in the policy, is generally understood to limit the liability of the insurer so as to exclude claims which would entitle the injured person to compensation under the Workmen's Compensation Law.

APPEAL by defendant from an order of the City Court of the City of New York, county of New York, striking out defendant's answer and granting summary judgment in favor of plaintiff, and from the judgment entered thereon.

*Pettigrew & Glenney* [*Walter L. Glenney* of counsel], for the appellant.

*Schanzer & Ostrow* [*Albert D. Schanzer* of counsel], for the respondent.

PER CURIAM. Plaintiff had recovered a judgment against a moving picture theatre company for injuries suffered on its premises. He testified on the trial — in order to meet the charge that he was a trespasser — that he was engaged by the operator to rewind the reels and said that the operator had promised him a dollar and told him that the manager of the theatre would pay him two dollars. Plaintiff at that time was eleven years of age.

The present action against the insurer is brought under section 109 of the Insurance Law (added by Laws of 1917, chap. 524, as amd. by Laws of 1924, chap. 639) to charge the defendant as indemnity insurer of the theatre company. The only point raised on this appeal which we find it necessary to consider is defendant's contention that it is relieved of liability because its policy insures against injuries suffered by persons " other than employees." On the trial against the assured its witnesses denied plaintiff's employment entirely. Plaintiff did not undertake to and was not compelled to prove that he was an employee of the assured. The facts to which he had testified in the action against the theatre company sufficiently establish that he was either a licensee or an invitee at the instance of the operator. No attempt was made nor would it have been material to prove that the operator had authority to employ any one on behalf of the assured. We think that the word " employee " as used in an indemnity policy in this State is generally understood to limit the liability of the insurer so as to exclude claims which would entitle the injured person to compensation under the Workmen's Compensation Law.

Even apart from the question of the operator's authority to employ any one, we do not regard the circumstances surrounding plaintiff's presence in the theatre as authorizing a holding that

he was an employee in the sense in which the word is used in defendant's policy.

There are no questions of fact raised by the defendant's answer, nor its present contentions. We think, therefore, that the summary judgment was proper and should be affirmed, with costs.

Judgment and order affirmed, with costs.

All concur; present, BIJUR, DELEHANTY and CRAIN, JJ.