BESSIE SHAPIRO and ISIDORE SHAPIRO, Administrators of the Goods, Chattels and Credits of MORRIS SHAPIRO, Deceased, Plaintiffs, *v.* EMPLOYERS LIABILITY ASSURANCE CORPORATION, a Foreign Corporation, Defendant.

Supreme Court, Bronx County, March 13, 1931.

*Harry Dimin* [*William Dike Reed* of counsel], for the plaintiffs.

*Pettigrew & Glenney* [*Walter L. Glenney* of counsel], for the defendant.

UNTERMYER, J.   The action is on a general liability insurance policy issued by the defendant covering the premises No. 1018 East One Hundred and Fifty-sixth street, borough of The Bronx, New York city.   It is brought to recover the amount of a judgment, together with expenses, paid by the assured in consequence of injuries sustained by the assured's janitress, Lena Walsh.   The janitress Lena Walsh received, as part of her compensation, free use of a basement apartment.   Returning home from shopping on September 14, 1921, she fell into an open hatchway in the basement and suffered injuries for which she has recovered against the assured. A passerby, one Mrs. Laufer, heard her screams and, rushing to her aid, also fell into the hatchway and was hurt.   Three days thereafter the assured's broker transmitted to the defendant notice in writing of the accident and of the injuries sustained by Mrs. Laufer.   That notice, however, contained no reference to any injuries to Lena Walsh.   The defendant company promptly sent an investigator to the premises, who received full information of the details of the accident and personally interviewed Lena Walsh. The defendant received no other notice of the accident until October 20, 1921, at which time the assured submitted to the defendant's representative a summons and complaint which had been served in an action instituted by Lena Walsh.   The complaint in that action demanded common-law damages against the assured for his alleged negligence.   The insurance company refused to accept these papers or to defend the action on the ground that its policy did not insure for injuries sustained by an employee.   The assured thereupon retained an attorney to defend the action.   A

judgment for $3,133.45, rendered in favor of Lena Walsh in that action, was affirmed on appeal. That judgment was paid by the assured and after his attorney had been paid the last installment remaining due for services, this suit was instituted against the insurance company.

Three defenses are interposed, two of which, based on alleged breaches of conditions of the policy, present no insuperable impediment. The first — that the plaintiffs failed to give immediate written notice of the accident in accordance with condition " C " of the policy — is answered by the fact that the information furnished to the insurer at the time constituted, under the circumstances, a sufficient compliance with this condition of the policy. (*Partridge* v. *Milwaukee Mechanics' Ins. Co.*, 13 App. Div. 519; affd., 162 N. Y. 597.) Assuming, however, that there was a failure to give proper notice, the defendant's disclaimer of liability on the specific ground that the loss was not covered by the policy operated as a waiver of that requirement. (*Brink* v. *Hanover Fire Ins. Co.*, 80 N. Y. 108.) The other preliminary objection is that the action is barred on account of non-compliance with condition " E " of the policy, which provides that " no action shall lie against the corporation to recover for any loss or expense under this policy * * * unless such action is brought within ninety days after the payment of such loss or expense." All the expenditures here were made more than ninety days before the commencement of this action except payment of seventy-five dollars, which remained due for counsel fees and which was paid within the period of ninety days. Applying the principle that ambiguities in the policy must be resolved in favor of the assured, it is a reasonable construction of the contract that the assured was not required to institute separate actions for each item of expense, but might wait until all the losses and disbursements resulting from the single accident had been paid in full.

Rejecting, therefore, these preliminary objections, there presents itself the basic question on the decision of which the plaintiff's right to recover depends. That question is whether the loss is covered by the policy. The policy provides that the defendant " agrees to indemnify the assured against loss from the liability imposed by law upon the assured for damages on account of bodily injuries * * * accidentally suffered by any person or persons *other than employees of the* assured while within or upon the premises." The defendant contends that since Lena Walsh was an employee of the assured, any liability resulting from injury to her was expressly excluded from the policy. This limitation on the defendant's liability has been construed to exclude only such

claims as would entitle the injured person to compensation under the Workmen's Compensation Law. (*Weiss* v. *Employers' Liability Assurance Corp.*, 131 Misc. 301.) Any other construction of the policy would result in the creation of a third class of persons not covered by the policy — employees injured when not engaged in their employment. It becomes necessary, therefore, to determine whether the injury sustained by Lena Walsh was of such a character that she could have received compensation under the Workmen's Compensation Law.

In my opinion the injury sustained by Lena Walsh would have entitled her to compensation under the Workmen's Compensation Law and, therefore, the damages paid by the assured are not covered by the policy. Lena Walsh was entitled to compensation under the act (Section 3, group 12) if the injury arose " out of and in the course of employment." (See *Matter of Heitz* v. *Ruppert*, 218 N. Y. 148.) Here the inference is justified that her employment required her residence on the premises and her presence more or less continuously there. Her duties were not limited to any specified hours of the day or night. She was under the obligation to respond whenever circumstances might require. (Cf. Tenement House Law, § 110.) She was on duty, therefore, whenever she was on the premises because the terms of her employment required her presence there. (*Matter of Giliotti* v. *Hoffman Catering Co.*, 246 N. Y. 279; *Holt Lumber Co.* v. *Industrial Commission of Wisconsin*, 168 Wis. 381; *Ocean Accident & Guarantee Corp., Ltd.*, v. *Pallero*, 66 Colo. 190; *State Compensation Insurance Fund* v. *Industrial Accident Commission*, 194 Cal. 28.) In the light of these more recent decisions, *Lauterbach* v. *Jarett* (189 App. Div. 303, decided in 1919) must be regarded as having been overruled. (See, also, *Matter of Filitti* v. *Lerode Homes Corporation*, 244 N. Y. 291.) More and more have the beneficent provisions of the Workmen's Compensation Law been extended to cover the incidents as well as the essentials of service. Had Lena Walsh been injured on the premises on her way to work, her right to compensation under the act would be undeniable. (*Matter of Ross* v. *Howieson*, 232 N. Y. 604; *Matter of Leslie* v. *O'Connor & Richman, Inc.*, 220 id. 672.) Her position was not different while returning from a personal errand to the apartment where her presence was required by the nature of her duty. (*Matter of Giliotti* v. *Hoffman Catering Co.*, *supra.*) Her employment must have contemplated that in reaching the street she would use the passageway which exposed her to the hazard which produced the injury. (*Matter of Leonbruno* v. *Champlain Silk Mills*, 229 N. Y. 470; *Matter of Filitti* v. *Lerode Homes Corporation, supra.*)

It is insisted, however, that the defendant was served with notice of the suit instituted by Lena Walsh; that it was accorded the opportunity to defend that action; that, therefore, the judgment in that action concludes the defendant here and establishes incontrovertibly that Lena Walsh was not an " employee " of the assured at the moment of the accident. This follows, it is said, because otherwise Lena Walsh could not have recovered in a common-law action for negligence against the assured but would have been limited to compensation under the Workmen's Compensation Law, (Sections 10, 11).

The general rule concerning the liability of an indemnitor who has been duly notified of the pendency of a suit instituted against one whom he has indemnified, is well established. (*Washington Gas Light Co.* v. *District of Columbia*, 161 U. S. 316; *Oceanic Steam Navigation Co.* v. *Campania Transatlantica Espanola*, 144 N. Y. 663; *Village of Port Jervis* v. *First National Bank*, 96 id. 550; *City of Rochester* v. *Montgomery*, 72 id. 65; *Albany City Savings Institution* v. *Burdick*, 87 id. 40.) But the limitations of the rule are as well established as the rule itself. Foremost among these is that it must appear that the issue concerning which it is sought to bind the indemnitor was *necessarily* adjudicated in the original suit. (*Tolmie* v. *Fidelity & Casualty Co. of New York*, 95 App. Div. 352; affd., 183 N. Y. 581; *Burke* v. *Maryland Casualty Co.*, 192 Mich. 173; *Roth Tool Co.* v. *New Amsterdam Casualty Co.*, 161 Fed. 709; *Washington & Berkeley B. Co.* v. *Penn. S. Co.*, 215 id. 32.) It is not sufficient that it *may* have been adjudicated. Here there is no reason to suppose that it was. Indeed, it is difficult to see how it could have been determined in the original suit, because the assured had not, at the time of the accident, insured under the Workmen's Compensation Law. Under the specific provisions of the act (Workmen's Compensation Law, section 11) his failure to do so would have made it impossible for him or the insurance company, if it had undertaken to defend, to defeat Lena Walsh's claim for common-law damages on the ground that the Workmen's Compensation Law provided an exclusive remedy. The judgment in the original suit, therefore, does not constitute an adjudication concerning the relation of the assured to Lena Walsh. Since upon the issue thus left open for determination I am of the opinion, as previously expressed, that Lena Walsh was an employee of the assured at the time of the accident, the loss sustained by the assured is not covered by the policy. I, therefore, direct a verdict in favor of the defendant, with costs.