LEON MYOTT *v.* VERMONT PLYWOOD, INC., ET AL.

October Term, 1938.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed November 1, 1938.

132

*Clarence R. White* for the defendants.

*Thomas F. Mangan* (*James E. Bigelow,* of counsel) for the claimant.

STURTEVANT, J. This is an appeal from an award of compensation made by the commissioner of industries to Leon Myott, hereinafter referred to as the claimant. The question certified to this Court for review is "Upon the facts found by the Commissioner, as a matter of law, was the claimant injured by an accident arising out of and in the course of his employment by the defendant, Vermont Plywood, Inc.?"

Defendant raises no question as to the alleged accident having occurred in the course of claimant's employment, but insists that the findings made by the commissioner do not sustain claimant's contention that said accident arose "out of" said employment. From the findings of the commissioner appear the following facts material to the determination of the question before us. Claimant was employed on the night shift at defendant employer's plant in Hancock, Vermont, on April 17, 1937. While claimant was doing his work in the usual manner a Mr. Dunn, who was employed on the day shift at said plant, sometime between one and two o'clock a.m. of said day, came into said plant accompanied by one Buttles. As Dunn and Buttles came near the place where claimant was working, claimant stepped up from behind Buttles and took hold of his hands and asked him who it was. Buttles replied "that little Frenchman" and the claimant let go of him. Dunn had stopped to talk with his brother-in-law but saw the claimant take hold of Buttles as above stated. It was right after this that the alleged accident took place. After claimant released the hands of Buttles as above stated, claimant returned to his machine and took up his regular duties, and while claimant was in the performance of these duties in the regular way Dunn came up to him unexpectedly from behind and placed his hands on the small of claimant's back at each side and shouted in his ear. At this time claimant was standing with both hands on a dolly handle of the machine which he was operating, with his left foot up on the right side of the dolly lever, which is released by the foot. His weight was on his right foot, which was placed in a worn depression in the floor about one and one-half inches deep and six inches across. When Dunn shouted at him claimant turned quickly to his right and as he whirled his right heel caught in the depression in the floor and a bone in his right leg snapped. He fell to the floor apparently unconscious, and Dunn fell with him. (See findings, Nos. 5, 13 and 14.)

Claimant is a nervous type of worker, a "jumper," so-called. He is a small man, weighing about one hundred pounds. If a fellow workman were to touch him he would jump or shout and the men in the mill apparently knowing this have been in the habit of bothering him. Dunn was well acquainted with him and his nervousness. (See findings, No. 12.)

Dunn was a trespasser in the plant at the time of the accident, being there merely for the purpose of going to the boiler room to "talk with the boys."

Findings Nos. 15 and 16 are as follows:

"15. I find that Dunn as well as 'other men' quite often went into the defendant employer's plant at night apparently as trespassers and I would infer that this trespassing was known both to the night watchman and the night foreman. As far as the claimant is concerned I find and so hold that this trespassing created an added hazard or risk that was incidental to his employment and which was within the reasonable contemplation of the employer. I find this risk incident to this particular employment is apparently over and above that which was incident to claimant's fellow workman.

"16. I find that the claimant at the time of the accident was the innocent victim of, or unwilling participant in, horseplay by a third party, a trespasser, and not a fellow employee."

From the foregoing the inference is plain that the reasonable probability that Dunn when in claimant's presence was likely to "fool" with claimant is the fact which created the additional hazard referred to in finding No. 15 and which risk was within the reasonable contemplation of the employer. If necessary to support the award made below, we assume that the commissioner made this inference from the findings. *University of Vermont* v. *Wilbur's Estate,* 105 Vt. 147, 174, 163 Atl. 572; *Labor* v. *Carpenter,* 102 Vt. 418, 422, 148 Atl. 867.

We are not concerned here with the question of whether conduct of fellow employees or others under a given set of circumstances may be found to be incidental to a claimant's employment. In the case before us the commissioner has found

that Dunn's presence at the plant at the time in question created an added hazard or risk which was incidental to claimant's employment and that this was within the reasonable contemplation of the employer. All of the cases cited by the defendant to support its contention that the accident in question did not arise ''out of'' claimant's employment are distinguishable from the case before us.

In *Moore's Case*, 225 Mass. 258, 114 N. E. 204, cited by defendant, claimant left his work and was the aggressor in horseplay.

In *Lee's Case*, 240 Mass. 473, 134 N. E. 268, 20 A. L. R. 870, the opinion states that cases which hold that injuries resulting from acts of a fellow employee known to be given to play or fooling are excluded.

In *Hulley* v. *Moosbrugger*, 88 N. J. Law, 161, 95 Atl. 1007, at 1008, L. R. A. 1916C, 1203, it is stated: ''* * * * Where an accident is the result of a risk reasonably incident to the employment, it is an accident arising out of the employment * * * *.''

In the above and all other cases cited by defendant, the element of knowledge on the part of the employer was absent. Here the additional risk or hazard was within the reasonable contemplation of the employer and incident to the employment. (Finding No. 15.)

█ As a result of being exposed to such additional risk incident to his employment, which risk was within the reasonable contemplation of the employer, claimant met with the accident in question, which accident resulted in the injuries for which compensation was awarded. It clearly appears, therefore, that the plaintiff was injured by accident arising out of and in the course of his employment by defendant, the Vermont Plywood, Inc. *Brown et al.* v. *Bristol Last Block Company*, 94 Vt. 123, 124, 125, 108 Atl. 922; *Kneeland* v. *Parker et al.*, 100 Vt. 92, 97, 135 Atl. 8, 9, 48 A. L. R. 1396; *Allen* v. *The Travelers Indemnity Company*, 108 Vt. 317, 323, 187 Atl. 512; *In re McNichol*, 215 Mass. 497, 102 N. E. 697, L. R. A. 1916A, 306.

█ What took place between claimant and the man Buttles as set forth in the findings is not material here. Whatever the incident, it was a completed transaction and the claimant had returned to his work and was performing his duties in the usual manner at the time Dunn took hold of him.

██ Defendant calls our attention to P. L. 6485, subd. IV, which reads as follows: " 'Personal injury by accident arising out of and in the course of such employment' to include an injury caused by the wilful act of a third person directed against an employee because of his employment, but not to include a disease unless it results from the injury;" and contends that claimant by this statute is excluded from recovering. To construe this statute to exclude an injury caused by the wilful act of a third person directed against an employee in the circumstances of this case when it was within the reasonable contemplation of the employer that the act would be committed and that such probability created an additional hazard incident to claimant's employment would be to give the statute an unreasonable construction. This is to be avoided if possible. *Brammall* v. *Larose*, 105 Vt. 345, 350, 165 Atl. 916; *Cady, Admr.* v. *Lang,* 95 Vt. 287, 293, 115 Atl. 140.

*Judgment that the award is affirmed, with costs. Let the result be certified to the commissioner of industries.*