Albert G. Labounty *v.* Lane Construction Corporation and The Employers' Liability Assurance Corporation, Ltd.

February Term, 1940.

Present: Moulton, C. J., Sherburne, Buttles, Sturtevant and Jeffords, JJ.

Opinion filed May 7, 1940.

*Harry B. Amey* for the claimant.

*James B. Campbell* for the defendant.

STURTEVANT, J. This case comes here on appeal from an order of the commissioner of industrial relations denying compensation to one Albert G. Labounty, hereinafter referred to as "claimant."

The findings of the commissioner are unchallenged and only one question is for review, viz.: Did the accident, which caused claimant's injury arise out of his employment?

The record shows the following material facts.

At all times material here claimant was employed by the Lane Construction Corporation at its plant set up near East Charleston, Vt. His duties included attending a certain pump and keeping it in operation. His working hours were from 10 o'clock p.m. until some time the following morning. At about 11:30 o'clock p.m. on September 25, 1938, claimant, in performance of his duty as an employee, was drawing gasoline from a storage tank for use in the pump engine. At this time one Dodge and another person were trying to move an automobile which was stalled on the grade or hill above said storage tank. In some way Dodge and his companion lost control of this car and it rolled down the hill "by its self." When claimant first saw this on-coming car he jumped to get out of its path but was not able to clear it entirely and was hit and his right leg was broken below the knee. Dodge was a pump tender at this plant and worked the shift that ended at 10 o'clock p.m. It was his custom to park this car on the hill above said storage tank and to use it as a shelter from storm and cold while he was at work. This was known to the employer and no objection was made to

this practice. The commissioner has found that at the time material here this car was ''rightfully on the premises.''

When this car was' on the hill above said storage tank there was always present the possibility that it might get out of control and roll down the grade. Should this happen the car's course might be altered somewhat by the turning of the wheels to one side or the other but its general direction would be downward. It is clear that the presence of the car on the hill created an additional hazard peculiar to that area where the car might be drawn by the force of gravity. The location where claimant was working when he received his injury was within this area. The danger from the car rolling down the hill attached to the spot where claimant was at work and the performance of his duties took him into this zone of special danger. It, therefore, appears that, under the circumstances of this case, there was a causal connection between the conditions under which the work was required to be performed and the resulting injury. *Brown et al.* v. *Bristol Last Block Co. et al.*, 94 Vt. 123, 126, 108 Atl. 922; *Myott* v. *Vermont Plywood, Inc. et al.*, 110 Vt. 131, 2 Atl. 2d. 204; *Filitti* v. *Lerode Homes Corporation et al.*, 244 N. Y. 291, 155 N. E. 579.

That the accident causing claimant's injury may not have been foreseen does not, under the circumstances of this case, defeat claimant's right to compensation. *Brown et al.* v. *Bristol Last Block Co. et al.*, *supra*, at 125.

The result is that:

*Judgment that the order of the commissioner of industrial relations denying the petition of Albert G. Labounty for compensation for personal injury received by petitioner as the result of an accident on September 25, 1938, is annulled, set aside and held for naught. Let the claimant recover his costs.*

*It is further adjudged that claimant Albert G. Labounty, while in the performance of his duties as an employee of the Lane Construction Corporation at its plant near East Charleston, Vt., on September 25, 1938, received a personal injury by accident arising out of and in the course of his employment.*

*To be certified to the commissioner of industrial relations.*