BERNARD W. GARGIULO, AN INFANT, BY ELIZABETH M. LOMBARDI, HIS GUARDIAN *AD LITEM*, PLAINTIFF-RESPONDENT, v. BERNARD S. GARGIULO, t/a VALLEY FOOD MARKET AND BANKERS INDEMNITY INSURANCE COMPANY, DEFENDANT-APPELLANT.

Argued June 4, 1953—Decided June 22, 1953.

*Mr. Thomas J. Brett* argued the cause for appellant (*Messrs. O'Brien, Brett & O'Brien,* attorneys).

*Mr. Samuel H. Nelson* argued the cause for respondent (*Mr. Sidney C. Swirsky,* attorney).

The opinion of the court was delivered by

WACHENFELD, J. The mishap which gave rise to this litigation in the Workmen's Compensation Division was occasioned by a boy's shooting an arrow in the direction of a tree on the property of the employer. The arrow struck the petitioner, who was then in the course of his duties as a clerk in the employer's store on the premises. The petitioner did not know where the arrow came from and heard only a cry, "Look out," before he was struck. The incident occurred as the petitioner was walking toward the rear entrance to the store, having completed his task of burning trash. The consequent injury which resulted in the loss of an eye was unintentional and due to poor aim.

In the Division the injury was determined to have resulted from an accident in the course of but not arising out of the employment. Compensation was therefore denied. The County Court affirmed, but there was a reversal in the Appellate Division, which held the petitioner had sustained an injury from an accident both in the course of and arising out of the employment. We granted the employer's petition for certification.

The appellant, while admitting the accident was in the course of the employment, contends it did not arise out of the employment within the meaning of the statute, *R. S.* 34:15–7 *et seq.,* because it did not have its origin in a risk connected therewith. A number of cases are cited in which the necessary relationship between the employment and the

injury was found not to exist, but these are distinguishable on their facts as involving "skylarking," *Staubach v. Cities Service Oil Co.*, 127 *N. J. L.* 577 (*Sup. Ct.* 1942); *Budrevie v. Wright Aeronautical Corp.*, 135 *N. J. L.* 46 (*Sup. Ct.* 1946); *Savage v. Otis Elevator Co.*, 136 *N. J. L.* 419 (*Sup. Ct.* 1948), or as dealing with situations in which injury or death was caused by an unknown assailant and for no known motive, *Schmoll v. Weisbrod & Hess Brewing Co.*, 89 *N. J. L.* 150 (*Sup. Ct.* 1916); *Giles v. W. E. Beverage Corp.*, 133 *N. J. L.* 137 (*Sup. Ct.* 1945); *Bobertz v. Bd. of Education of Hillside Twp.*, 135 *N. J. L.* 555 (*E. & A.* 1947). But compare *Gargano v. Essex County News Co.*, 129 *N. J. L.* 369 (*Sup. Ct.* 1943), affirmed on the opinion below, 130 *N. J. L.* 559 (*E. & A.* 1943).

Many other cases are submitted where compensation was allowed, but it is claimed they can be differentiated on the basis that the evidence indicated the injury flowed as a rational consequence from the performance of the task required by the employment.

Little is to be gained by digesting and analyzing the many cases treating this problem. They revolve about peculiar and odd factual situations, including a fatal insect bite suffered by a beach lifeguard, *City of North Wildwood v. Cirelli*, 129 *N. J. L.* 302 (*Sup. Ct.* 1943), affirmed 131 *N. J. L.* 162 (*E. & A.* 1943); a fractured skull sustained by a farm laborer who fainted from shock while assisting in the breach birth of a calf, *Hall v. Doremus*, 114 *N. J. L.* 47 (*Sup. Ct.* 1934); lightning striking and killing a workman, *Mixon v. Kalman*, 133 *N. J. L.* 113 (*E. & A.* 1945); a bartender shot by a customer in a dispute over the price of a drink, *Emerick v. Slavonian Roman Greek Catholic Union*, 93 *N. J. L.* 282 (*Sup. Ct.* 1919); an employee killed by a building falling as the result of a cyclone, *Harvey v. Caddo DeSoto Cotton Oil Co.*, 199 *La.* 720, 6 *So. 2d* 747 (*Sup. Ct.* 1942); an employee working near the edge of employer's property struck by a piece of falling cornice from a building on adjoining lands, *Filitti v. Lerode Homes Corp.*, 244 *N. Y.* 291, 155 *N. E.* 579 (*Ct. App.* 1927). A comprehensive

collection of cases is found in *Giles v. W. E. Beverage Corp.,* *supra.* Each rests upon its own facts and turns upon evidence providing or excluding the nexus between the injury and the conditions under which the work was done.

Our adjudications, however, set up certain standards which are of assistance in ascertaining whether the necessary link exists. In *Geltman v. Reliable Linen & Supply Co.,* 128 *N. J. L.* 443 *(E. & A.* 1942), it was said: "An accident arises out of the employment if it ensues from a risk reasonably incident thereto. To take this classification the accident must in some sense be due to the employment." The risk was there declared to be incidental to the employment when it "belongs to or is connected with what the workman has to do in fulfilling his contract of service," and the accident was said to arise out of the employment if the danger is one to which the employee is exposed because of the nature of his employment.

There must be a causal relation between the injury and the conditions under which the work was required to be done. But foreseeability of the injury is not the test. It need not have been expected. Rather, it suffices if the injury has its origin in a risk connected with the employment and flows from that source as a rational consequence. *Sanders v. Jarka Corp.,* 1 *N. J.* 36 (1948); *Beh v. Breeze Corp.,* 2 *N. J.* 279 (1949).

The same thought has been accorded a variety of expression. In *Gargano v. Essex County News Co., supra,* compensation was awarded a newspaper distributor who was accosted and beaten at an early hour in the morning as he left his place of business to make a collection at a nearby news-stand. There was insufficient evidence to show robbery as a motive, but the court found it of little consequence, saying:

"* * * we think the risk grew out of the character of the employment in that his employment required him to be where he was at that hour of the night under the conditions then existing at that place. The danger was one to which he was exposed because of the nature of his employment."

Similarly, in *Sanders v. Jarka Corp., supra,* we said an accident arises out of employment "when it in some manner is due to a risk reasonably incident to the employment," "If the employment is a contributing cause to the accident," if it is "a necessary factor leading to the accident." Restated also was the oft-expressed admonition to give liberal construction to the Workmen's Compensation Act in order to alleviate consequences of personal injuries caused by employment and to effect a measure of economic security for the workman so injured and to place the burden thereof upon industry. See also *Spindler v. Universal Chain Corp.,* 11 *N. J.* 34 (1952).

Applying these standards to the case at hand, can it be said that the employment was not a contributing cause to the unfortunate occurrence or that the accident was not in some manner due to a risk reasonably incident thereto? We think not. It was a necessary antecedent in that the injured employee would not have been where he was had he not been engaged in his appointed task. It brought him unwittingly into the line of fire of the arrow, where he would not have been except for his employment. But for the compliance with his allotted work directive requiring his presence at the particular time and place in question, the injury would not have been inflicted. The admitted factual circumstances prove quite conclusively that the accident arose out of the employment.

The judgment is affirmed.

*For affirmance*—Justices Heher, Wachenfeld, Burling, Jacobs and Brennan—5.

*For reversal*—Chief Justice Vanderbilt, and Justice Oliphant—2.