## Bradley Shaw v. Dutton Berry Farm and Hartford Insurance Company

[632 A.2d 18]

No. 92-267

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed June 11, 1993

Motion for Reargument Denied September 7, 1993

*Emily J. Joselson* and *Kevin E. Brown* of *Langrock Sperry & Wool*, Middlebury, for Plaintiff-Appellant.

*John Davis Buckley* and *Fletcher B. Joslin* of *Theriault & Joslin, P.C.*, Montpelier, for Defendant-Appellee.

**Morse, J.** In this workers' compensation appeal, we review the question of whether an employee's injury caused by the unprovoked stabbing by another employee in the "bunkhouse" after work is compensable as "arising out of" employment. We decide that it is and reverse the Commissioner of Labor and Industry's determination to the contrary.

Bradley Shaw, a migrant farm laborer from Jamaica, worked at Dutton Berry Farm in Newfane, Vermont, during the summer of 1990. On July 16, after work, he was stabbed by a fellow worker, Dennis Smith. The injury occurred at a workers' "bunkhouse" residence, where plaintiff and eight other workers lived. Plaintiff shared a bedroom with Smith and another worker. The stabbing followed harsh words exchanged between plaintiff and Smith over a pair of dirty socks left on Smith's bed. Prior to the altercation, plaintiff and Smith had gotten along well and there were no previous incidents of hostility.

The Commissioner concluded that plaintiff received "a personal injury by accident . . . in the course of his employment," but denied workers' compensation because in his view the injury was not "arising out of" his employment. 21 V.S.A. § 618.[1] Thus, the sole issue on appeal revolves around the meaning of "arising out of" Shaw's employment under the facts of this case.[2]

We begin by repeating the observation of Lord Wrenbury in 1916, quoted by Chief Justice Hulburd in *Kenney v. Rockingham School District*, 123 Vt. 344, 345, 190 A.2d 702, 703 (1963):

> "The few and seemingly simple words 'arising out of and in the course of the employment' have been the fruitful (or fruitless) source of a mass of decisions turning upon nice distinctions and supported by refinements so subtle as to leave the mind of the reader in a maze of confusion. From their number counsel can, in most cases, cite what seems to be an authority for resolving in his favor, on whichever side he may be, the question in dispute."

See *Cardillo v. Liberty Mut. Ins. Co.*, 330 U.S. 469, 479 (1947) (statutory terms "arising out of and in the course of employment" are "deceptively simple and litigiously prolific").

The Commissioner intimated that the "arising out of" test is but another description of the element of proximate cause, a venerable common-law concept in tort law, citing *Rothfarb v. Camp Awanee, Inc.*, 116 Vt. 172, 176, 71 A.2d 569, 572 (1950). That case stated:

> [A]n injury arises out of an employment when it occurs in the course of it and as the *proximate* result of it. . . . When

---

[1] Compensation for personal injury is allowed "[i]f a worker receives a personal injury by accident *arising out of* and in the course of his employment." (Emphasis added.)

[2] If plaintiff had been injured "by the wilful act of a third person directed against an employee because of his employment," compensation here would have been due. 21 V.S.A. § 601(11)(A). The parties did not seek a determination on this basis, and we make no judgment about its applicability in this case. See *Myott v. Vermont Plywood, Inc.*, 110 Vt. 131, 135–36, 2 A.2d 204, 206 (1938) (same provision in predecessor to § 601(11)(A) covers injury from risks reasonably anticipated by employer caused by a "trespasser" at workplace, an off-duty co-worker who "fooled" with on-duty worker).

> an injury is a natural and necessary incident or consequence of the employment, though not foreseen or expected, it arises out of it. A risk is incidental to the employment when it belongs to it, or is connected with what a workman has to do in fulfilling his contract of service.

(Emphasis added.) Reference to the law of "proximate cause," however, has been soundly criticized as a confused analogy, and out of place in workers' compensation law, where fault is not an underlying element. 1 A. Larson, Workmen's Compensation Law § 6.60 (1990).

Relying on *Rothfarb*, the Commissioner concluded that plaintiff's injury did not arise from his employment, stating:

> The stabbing of the claimant cannot be said to be a natural and necessary incident or consequence of employment as an agricultural worker. Neither the claimant nor his assailant was engaged in any activity which benefitted the employer even slightly or in any way fostered goodwill on the employer's behalf. The fact that the employer provided the claimant with housing is not enough to make him liable for compensation. In *Rothfarb*, the claimant was denied compensation for injuries received in a fight in an employer provided bunkhouse, because at the time of the fight he was not engaged in any activity benefitting the employer.

The factual backdrop of *Rothfarb* is strikingly similar to the circumstances of this case. In *Rothfarb*, two workers fought in the bunkhouse after work, and the claimant broke his leg in the course of it. The Commissioner awarded workers' compensation benefits, and this Court reversed. *Rothfarb* may be distinguished from this case only by the fact that there the claimant provoked the fight and was injured as a result of mutual physical combat. Here, Smith stabbed plaintiff unexpectedly after a verbal spat.

We do not think *Rothfarb* is true to the remedial purpose of workers' compensation and overrule it. The Court in *Rothfarb*, and the Commissioner in this case, gave too narrow a meaning to "arising out of employment." See *St. Paul Fire & Marine Ins. Co. v. Surdam*, 156 Vt. 585, 590, 595 A.2d 264, 266 (1991) (workers' compensation law to be construed liberally to effect its remedial purpose). Focusing merely on what plaintiff was

doing at the time of his injury is overly restrictive. Since *Roth-farb* was decided, over forty years ago, we have taken a less myopic view of what falls within workers' compensation coverage. See, e.g., *Kenney*, 123 Vt. at 349, 190 A.2d at 705 ("An injury arises out of the employment if it arises out of the nature, conditions, obligations or incidents of the employment; in other words, out of the employment looked at in any of its aspects."). Further, we need not cling to "a strictly static point of view," but should regard "the employee's employment through a wide-angle lens and not with the restricted focus used in earlier cases." *Id.*

██ Ordinarily, if an injury occurs during the "course of employment," it also "arises out of it," unless the circumstances are so attenuated from the condition of employment that the cause of the injury cannot reasonably be related to the employment. Even if the worker's activity leading to the injury is not work per se, the causal connection is not necessarily broken. As there are no hard and fast rules to determine when an injury "aris[es] out of employment," the outcome of each case is determined only after taking all the facts and circumstances into account.

The Commissioner's analysis confused the statutory element "course of employment" with "arising out of employment." The Commissioner found that

> the employee was on duty at a place where the employee may reasonably be expected to be while fulfilling the duties of employment. . . . He was living in housing provided by his employer as contemplated in the contract of hire. The employer and the claimant mutually benefitted from this arrangement.

The Commissioner then appeared to contradict the finding, stating: "Neither the claimant nor his assailant was engaged in any activity which benefitted the employer even slightly or in any way fostered goodwill on the employer's behalf."

If the Commissioner's analysis about "activity" is carried to its logical consequences, the liberality we accord the Act would be undermined. *Kenney*, 123 Vt. at 347, 190 A.2d at 704 (teacher injured in a fall while voluntarily taking extracurricular course at work situs entitled to compensation); see *Rae v. Green Mt.*

*Boys Camp*, 122 Vt. 437, 440, 175 A.2d 800, 801–02 (1961) (plaintiff struck by horse's head while holding horse by reins allowed recovery because activity, though not part of job description, was for benefit of employer and was goodwill gesture).

■ Plaintiff was placed in what a leading commentator calls "positional-risk." A positional risk exists when the employee is subject to risk of injury at work in a "but for" sense. "But for" the employment and plaintiff's position at work, the injury would not have happened. As explained by Professor Larson:

> An injury arises out of the employment if it would not have occurred *but for* the fact that the conditions and obligations of the employment placed claimant in the position where [claimant] was injured. It is even more common for the test to be approved and used in particular situations. This theory supports compensation, for example, in cases of stray bullets, roving lunatics, and other situations in which the only connection of the employment with the injury is that its obligations placed the employee in the particular place at the particular time when [employee] was injured by some neutral force, meaning by "neutral" neither personal to the claimant nor distinctly associated with the employment.

1 Larson, *supra*, § 6.50 (emphasis in original); see generally *id.* at §§ 11.16(c), 11.40, 12. It is only those "purely personal" quarrels which result in injury that are not compensable. *Scheper v. Hair Repair, Ltd.*, 825 S.W.2d 1, 4 (Mo. Ct. App. 1991) (injury from automobile accident noncompensable after claimant's abduction by boyfriend from her workplace deemed "a repetition of prior assaults motivated by . . . jealousy and rage").

Having found that plaintiff's injury occurred during the course of employment, the unexpected, unprovoked knifing was within plaintiff's "positional risk" because he and his attacker would not have been in the bunkhouse at the time "but for" their employment. We do not remand for the Commissioner to again review the issue of causation under the correct view of the law because under these facts the injury arose from employment as a matter of law. See *Martin v. J. Lichtman & Sons*, 199 A.2d 241, 242–43 (N.J. 1964) (injury compensable where "friction and strain" results from forced contact due to employ-

ment); *Crotty v. Driver Harris Co.*, 139 A.2d 126, 133 (N.J. Super. Ct. App. Div. 1958) (assault by co-worker compensable unless motivated by "personal vengeance" developed outside of employment). The contrary finding was clearly erroneous.

*Reversed and compensation is awarded in the amount of $25,986.04, the award which would have been due had plaintiff prevailed, plus 12% interest from May 12, 1992, until date of payment. Remanded for entry of appropriate attorney's fees and expenses. Award of attorney's fees on appeal is deferred until the Commissioner has made his award.*