### David Miller v. International Business Machines Corp. & Liberty Mutual Ins. Co.

[637 A.2d 1072]

No. 92-636

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed December 10, 1993

*Beth DeBernardi* and *Roger E. Kohn* of *Kohn & Rath, Hinesburg*, for Plaintiff-Appellee.

*Keith J. Kasper* of *McCormick, Fitzpatrick & Mertz, P.C.*, Burlington, for Defendant-Appellant.

**Allen, C.J.** The question certified in this appeal from a decision of the Commissioner of Labor and Industry is whether a workers' compensation claimant's injury arose out of and in the course of employment when it occurred as a result of an automobile accident on a private road, owned by the employer and providing access to its facilities, while the claimant was leaving the employer's premises during a lunch break. The commissioner held that it did, and we affirm.

The parties stipulated to certain facts in addition to those set forth in the certified question. Plaintiff David Miller, the claimant, was injured on a road owned by defendant International Business Machines, Inc. (IBM), the employer, which provides access to the facilities where plaintiff worked. IBM reserved the right to deny public access to the road, but opened the road to the public during working hours. Plaintiff was not running an errand for his employer when the accident occurred.

■ The prerequisites for a personal injury compensation claim are laid out in 21 V.S.A. § 618, which provides compensation to a worker injured by accident "arising out of and in the course of . . . employment by an employer subject to [workers' compensation laws]." Thus, to have a compensable injury a claimant must prove both that the accident (1) arose out of the employment, and (2) occurred in the course of the employment.

Until recently, the "arising out of" requirement demanded proof of a causal connection between the employment and the accident—effectively, a showing of tort-type proximate causation. See *Rothfarb v. Camp Awanee, Inc.*, 116 Vt. 172, 176, 71 A.2d 569, 572 (1950). But in *Shaw v. Dutton Berry Farm*, 160 Vt. 594, 597–99, 632 A.2d 18, 19–20 (1993), we reexamined the proximate causation requirement in light of the broad, remedial purposes of workers' compensation law, and rejected *Rothfarb's* narrow, unduly restrictive construction of "arising out of employment" in favor of the more liberal positional-risk doctrine. Under positional-risk analysis, an employee's injury arises out of employment "'if it would not have occurred *but for* the fact that the conditions and obligations of the employment placed claimant in the position where [claimant] was injured.'" *Id.* at 599, 632 A.2d at 20 (quoting 1 A. Larson, The Law of Workmen's Compensation § 6.50 (1990)).

In *Shaw*, we held that the plaintiff, a migrant farm laborer stabbed by a fellow worker in an after-hours dispute, sustained injury "arising out of" his employment. *Id.* The altercation occurred in a bunkhouse owned by the plaintiff's employer and provided to workers in a mutually beneficial arrangement as part of the employment. The commissioner found that the injury occurred in the course of employment, because the plaintiff was on duty at a place where he could reasonably be expected to be while fulfilling the duties of employment. Using the "but for" test of the positional risk doctrine, we held that the plaintiff's injury arose out of his employment. *Id.* at 598, 632 A.2d at 20. We noted that "[o]rdinarily, if an injury occurs during the 'course of employment,' it also 'arises out of it,' unless the circumstances are so attenuated from the condition of employment that the cause of injury cannot reasonably be related to the employment." *Id.* In this case, then, we must first determine whether plaintiff was injured in the course of his employment, and then consider whether the injury arose out of the conditions of employment.

We have never specifically addressed the question of whether aspects of commuting may be considered to be in the course of employment, but prior case law does provide guidance. In *Marsigli Estate v. Granite City Auto Sales, Inc.*, we held that as a matter of law claimant was injured in the course of his employment when he slipped and fell on an icy surface on the employer's premises. 124 Vt. 95, 98-99, 197 A.2d 799, 802 (1964). *Marsigli* attached "substantial significance" to the fact that the claimant was on the premises when injured. The fact that the claimant might have been leaving the grounds of the employer to go for coffee, an act not directly related to his job, did not detract from this conclusion. *Id.* at 98, 197 A.2d at 802.

*Marsigli* formulated a general rule that injury arises in the course of employment "when it occurs within the period of time when the employee was on duty at a place where the employee may reasonably be expected to be while fulfilling the duties of [the] employment contract." *Id.* But the definition of "duty" cannot be so strictly construed as to permit compensation only if an employee was actually engaged in a job-related activity. An employer's duty to indemnify for harm "attend[s] the [employee] for incidental trips across the premises, *to and from*

[the] working place, for purposes not strictly connected with the [employer's] business." *Id.* (emphasis added). Even before the enactment of workers' compensation statutes, "under principles of common law, the law afforded the worker some latitude in releasing the servant from the confines of his work bench." *Id.* As noted in *Shaw*, a broad view of what constitutes "employment" best furthers the remedial purposes of workers' compensation legislation. 160 Vt. at 597–99, 632 A.2d at 19–20.

With this in mind, we adopt the following standard: "As to employees having fixed hours and place of work, injuries occurring on the premises while they are going to and from work before or after working hours or at lunchtime are compensable . . . ." 1 Larson, *supra*, § 15.00. This rule promotes the broad policy of remediation, because it covers workers for part of the necessary job-related activity of commuting to and from work. It clearly delineates the employer's liability for injuries to commuting employees as coextensive with the employer's premises. By limiting liability to areas within the employer's control, this test incorporates a fair compromise in allocating the cost of worker injuries. Finally, we note that this "premises rule" is the law in a majority of jurisdictions. See *id.* § 15.11 (listing jurisdictions).

Therefore, despite the fact that plaintiff was on an uncompensated lunch break when the accident occurred, he was on the premises at the time of the accident. Under the premises rule, he sustained injury "in the course of employment." Moreover, the circumstances of this case did not make the accident so attenuated from the condition of employment that the cause of injury was not reasonably related to the employment. Thus, plaintiff satisfies the "arising out of" requirement as well. See *Shaw*, 160 Vt. at 598, 632 A.2d at 20. Having satisfied both criteria of 21 V.S.A. § 618, plaintiff's injuries are compensable.

*The certified question is answered in the affirmative.*