Blake v. Nationwide Insurance Co., No. 120-3-03 Wmcv (Carroll, J., Jan. 13, 2005)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT
WINDHAM COUNTY, SS.

CLIFTON BLAKE,
      Plaintiff,

v.                                              WINDHAM SUPERIOR COURT
                                              DOCKET NO. 120-3-03 Wmcv

NATIONWIDE INSURANCE CO.,
      Defendant.

## ORDERS ON MOTION FOR SUMMARY JUDGEMENT, MOTION TO ENFORCE JUDGMENT AND MOTION TO RECONSIDER

Plaintiff Clifton Blake was seriously injured in an automobile accident on a public highway for which, in a previous law suit, he received a default judgment against Clifford Riddle, the automobile driver. At the time of the accident, both Blake and Riddle were employees of Donald Harlow d/b/a Harlow's Sugar House and Blake is currently receiving workers' compensation benefits for his injuries. In this action, Blake seeks to enforce the default judgment against Defendant Nationwide, Harlow's automobile insurer, on account of Riddle's insolvency. Nationwide moves for summary judgment asserting that coverage is barred by applicable employment-related exclusions in Harlow's policy. Concluding that it cannot determine as a matter of law whether those exclusions apply, the Court **DENIES** Nationwide's

motion. Blake moves for the second time to enforce judgment. Because the facts related to Nationwide's defense remain disputed and because Riddle's insolvency has not yet been established beyond dispute, as well as those reasons previously applied to Plaintiff's first motion to enforce, the Court again **DENIES** the Motion to Enforce Judgment.

At the commencement of this litigation, Nationwide moved to dismiss for failure to state a claim for relief. In a September 4, 2003 Order denying the motion, the Court determined that Blake had standing to enforce the underlying judgment against Nationwide up to the amount of the policy limits so long as he was able to establish that Riddle is insolvent. It also determined, based on a failure of communication between Blake and Nationwide regarding Blake's initial dispute of Nationwide's decision not to provide coverage, that Nationwide was not estopped from raising a defense to the instant claim based on the employment related exclusions in Harlow's policy. To the extent that Blake had claimed a right to damages for Nationwide's alleged bad faith in refusing to defend Riddle, the Court found no applicable cause of action.

Nationwide's Motion for Summary Judgment

Summary judgment is appropriate if, viewing the evidence favorably to the non-moving party and giving it the benefit of all reasonable doubts and inferences, the Court determines that there are no genuine questions of material fact and the moving party is entitled to judgment as a matter of law. See Select Designs, Ltd. v. Union Mut. Fire Ins. Co., 165 Vt. 69, 72 (1996). In the instant M

> (5) It [the Nationwide Policy] does not cover bodily injury to others for which any insured may be held liable under a workmen's compensation, unemployment compensation, disability benefits or similar law.

> (6) It does not cover bodily injury to an employee of any insured, while the employee is engaged in activities of employment. However, it does cover any occurrence involving a household employee who is not covered or is not required to be covered by any workmen's compensation law.

According to Nationwide it is undisputed both that Blake's injuries were compensable under Vermont's worker's compensation scheme and that Blake was engaged in activities of his employment for Harlow when the accident occurred. While the Court agrees that Nationwide would be entitled to judgment as a matter of law if these facts were undisputed and that there is evidence to support both factual conclusions, giving Blake the benefit of reasonable doubt and inferences the Court does not agree that the factual issues are beyond dispute.

Although Plaintiff concedes that he is receiving workers' compensation benefits for the injuries incurred in the automobile accident there is no indication that those benefits were the result of any contested process. Pursuant to 21 V.S.A. § 662, an employer may enter into an agreement with an injured employee with regard to compensation that represents a compromise of interests. Id. ("[A] compromise agreement may be approved by the commissioner when h is clearly of the opinion that the best interests of such employee or such dependents will be served thereby.") [1] As this section makes clear, an employer who has a viable defense to liability might, in its own self-interest elect to settle a worker's compensation claim rather than face litigation. Since a contract is the drafting product of the insurer, its provisions are construed most strongly against the company in questionable cases. American Fidelity v. Elkins, 125 Vt. 313, 315 (1965). Because of its drafting, section (5) depends on an insured's liability rather than the insured's voluntary decision to settle a claim. Had it wished, Nationwide's policy could have expressly excluded coverage not only in situations where any insured was liable but also in

---

[1]The Court acknowledges that Plaintiff has not produced any evidence that workers' compensation benefits in his case were the result of a negotiated settlement. Nor has Defendant,

3

situations where any insured agreed to accept a financial settlement without admitting liability. Given this drafting omission, Plaintiff has the opportunity to dispute the fact of Harlow's liability in this proceeding.

In prior pleadings, Blake raised two issues which his employer might have invoked to contest liability. *See* Plaintiff's Reply to Defendant's Opposition to Motion to Compel, *filed 7/2/04*. The first issue concerns the possible role of alcohol consumption in the accident and is presumably based on 21 V.S.A. § 649.[2] As the Court interprets this statute only to bar workers' compensation recovery to an employee who was injured by or during his own alcohol consumption and there is only evidence that Riddle may have been drinking before the accident occurred, no reasonable inference of viable defense is raised by this issue.

The second possible defense for Harlow's liability depends on 21 V.S.A. § 618, in which workers' compensation is limited to accidents "arising out of and in the course of employment" under what Blake has termed a "coming and going" exclusion. Assuming for lack of explanation that this invokes the premises rule adopted in Miller v. IBM Corp., 161 Vt. 213, 216 (1993), limiting liability for commuting injuries to those occurring within the physical area of an employer's control, the Court acknowledges that neither party has attempted to resolve what Blake and Riddle were doing when the accident occurred. Until this fact is undisputed, Harlow's workers' compensation liability remains uncertain.

Similarly, with regard to Nationwide's claim that Plaintiff admits he was engaged in activities of employment at the time of accident, there is merely evidence but not a undisputed

---

who bears the burden of proving that the exclusion is applicable, introduced proof that it was not.

4

[2]Plaintiff's effort to explain possible defenses did not include any legal citations.

5

fact. In all the citations to the record which Nationwide has brought to the Court's attention, Plaintiff only goes so far as to admit that both he and Riddle were employed by Harlow at the relevant time. To equate this admission with a finding that the exclusionary language quoted above in section (6) applied, the Court would have to conclude that an employee is at all times during their period of employment engaged in the activities of employment. Clearly this cannot be the case. The intent of section (6), like 21 V.S.A. § 618, is to delineate work related injuries from those which merely befall one who is employed. Plaintiff's admissions only reach the fact of employment but do not concede the substance of Blake's engagement at the time of injury. As explained above, at this time there are insufficient facts available from which the Court can conclude whether Blake was engaged in the activities of his employment or whether he was otherwise occupied.

Therefore, the Court concludes that Nationwide has not yet established that coverage is excluded under policy terms nor that it is entitled to judgment as a matter of law.

Blake's Motion to Enforce

Blake filed its second Motion to Enforce Judgment as part of his opposition to Nationwide's Motion for Summary Judgment. A review of Blake's memorandum reveals that it fails to raise any substantive legal arguments which were not already raised and rejected in the Court's September 4th Order. Moreover, it represents what can better be described as a Cross Motion for Summary Judgment. As the Court has already determined the presence of material, factual disputes central to Nationwide's defense and in light of Plaintiff's concession that Riddle's solvency has yet to be resolved as a question of fact, the motion cannot be granted.

Motion for Reconsideration

6

The Court previously ordered that Nationwide produce for inspection its file relating to the instant claim. The Court made this order in reliance on Nationwide's prior agreement to produce the materials. However, now that the Court has been able to more clearly determine the pending issues in this case, after a review of the filings relating to Nationwide's Motion for Summary Judgment, the Court will reconsider this order and not require Nationwide to produce the files.

Judge Wesley's previous order has narrowed the issues in this case. He determined that Plaintiff had no applicable cause of action against Nationwide based upon alleged bad faith in refusing to defend Riddle. Judge Wesley further delineated the issue in this case was whether the employment related exclusion applied to Plaintiff's claim.

Further production of Nationwide's files would not be relevant nor lead to relevant material, given that the sole issue left to be resolved in this case is the scope of employment of Plaintiff at the time of the accident and whether the exclusion in the insurance policy applies. Nationwide's motives in denying the claim are not at issue. Therefore, the Court reconsiders its previous order and denies the Motion to Compel filed by Plaintiff.

## **ORDER**

Nationwide's Motion for Summary Judgment is **DENIED**.

Blake's Motion to Enforce Judgment is **DENIED**.

Nationwide's Motion for Reconsideration is **GRANTED.**

Dated at Brattleboro, Vermont, this ___ day of January, 2004.

_____

7

Karen R. Carroll
Presiding Judge