■ In the Matter of the Claim of TESSIE GORKIN, Respondent, v. GORKIN'S MEAT MARKET et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— *Per Curiam.* Appeal from a decision of the Workmen's Compensation Board, filed August 13, 1968, which found that the employee's death on September 30, 1966 of a myocardial infarction was causally related to an accidental injury sustained on April 6, 1951. Claimant's husband was injured while driving his employer's meat truck when he stopped for a red light and was struck in the rear by another truck causing the load of meat to shift forward and strike him in the back. He saw two doctors that day and evening and in addition to the trauma to the back, obesity and essential hypertension were noted. Decedent was hospitalized several times and was found to be suffering from a herniated intervertebral disc for which an operation was performed on November 5, 1951 consisting of a complete cervical laminectomy. Diabetes was reported at this time. Thereafter, because of decedent's pain, medical treatment continued and except for a brief period in 1956 he never worked again. In June of that same year, he suffered a stroke. After this hospitalization, decedent's condition continued to deteriorate and in 1958 he required an attendant because of his inability to care for himself. He was subsequently confined to a wheelchair and to bed for approximately one and one-half years prior to his death. On September 30, 1966, while attempting to go to the bathroom unassisted, decedent suffered a fatal heart attack. Compensation was paid for total disability from the time of the accident until the date of death. A claim for death benefits was filed and the board summarized the medical testimony as follows: " Dr. Segall, his physician since Sept. 1, 1959, reported that death was due to myocardial infarction and that obesity with hypertension and diabetes were contributory causes. He testified that death was causally related to the accidental injury in that it led to his uncontrolled obesity and the inability of any doctor to control decedent's hypertension because of the pain, lying in bed and eating out of frustration, with further weight gain. Dr. Reich testified that death was in no way caused by the accident; that the myocardial infarction was due to development of atheromatous degeneration of the coronary arteries, accelerated by obesity, hypertension and diabetes which were unaffected by the injury." The board then concluded that "the accidental injury herein and its sequelae caused further increase in decedent's obesity and adversely affected his hypertension, both conditions of which were contributory factors in his death and that, therefore, death was indirectly related to the accident of 1961." However, to be compensable the death from the heart attack has to result directly and naturally from the accidental injury (*Matter of Sullivan* v. *B & A Constr.*, 307 N. Y. 161, 164; 1 Larson, Workmen's Compensation Law, § 13.11, p. 192.60. Such is not the case upon the record before us. Death from a heart attack is not a natural and ordinary result of a back injury sustained 15 years previously. Unlike many of the cases cited upon this appeal, we are not concerned with the progression or aggravation of the original compensation injury. In fact, the board found only an indirect relation between decedent's obesity and hypertension as contributory conditions in his death and the truck accident. Claimant's own medical testimony indicates that the only connection between the accident and death was the pain and inactivity which together with decedent's overeating led to further obesity and uncontrolled hypertension and diabetes contributing to his eventual death. This increasing obesity with resultant medical complications was not a direct and natural consequence of the accident, but was rather an independent intervening activity indulged in by decedent which interrupted any chain of causal relation between the accident and his ultimate demise (*Matter of Sullivan* v. *B & A Constr.*, *supra*; *Matter of Brown* v. *New York State Training School*,

285 N. Y. 37). Likewise, there is nothing in the record to support an inference that decedent's pain was such that his mentality was so impaired as to excuse the consequences of his acts (cf. *Matter of Franzoni* v. *Loew's Theatre & Realty Corp.*, 25 A D 2d 453, affd. 20 N Y 2d 889). And, of course, overeating to the detriment of his health against his doctor's orders was not a natural and ordinary activity of one who has a bad back and is certainly not a part of the recovery process in the present case (see *Matter of Fischer* v. *Hoe & Co.*, 224 App. Div. 335, and cf. *Matter of Dickerson* v. *Essex County*, 2 A D 2d 516). The record before us failing to sustain a direct relationship between the 1951 accidental injury and the subsequent death 15 years later, the claim must be dismissed. Decision reversed and claim dismissed, with costs to appellants against the Workmen's Compensation Board. Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum *Per Curiam*: Herlihy, P. J., concurs in part and dissents in part in a memorandum. Herlihy, P. J. (concurring and dissenting). For the reasons hereinafter set forth, I agree that the decision should be reversed, but disagree with the dismissal of the claim. A reading of the record in its entirety discloses a chain of events which were sufficient to permit a finding that the fatal myocardial infarction was a direct and natural result of the deceased's compensable back injury. Of course, we would not ordinarily expect an injury to a back to result in a heart attack some years later, but what is a direct and natural result is primarily a factual issue for the board. There was sufficient medical evidence to establish that a prior stroke and the fatal heart attack were both a direct result of the back injury. The pain and suffering resulting from the back injury were substantially similar to that found in the case of *Matter of McIntosh* v. *Hauserman Co.* (12 A D 2d 406, affd. 10 N Y 2d 892). The *McIntosh* case is not applicable to the present case as to medical evidence since in that case there was a deliberate act of suicide and the issue was as to insanity. The case of *Matter of Sullivan* v. *B & A Constr.* (307 N. Y. 161) is inapplicable to the present case in that the deceased herein clearly acted out of compunction and did not voluntarily act with "temerity". However, as noted by the majority, the board found an "indirect" relationship of the back injury to the death and upon such a finding it may not award compensation because the causal connection must be direct. The proper procedure to correct such inconsistency is to remit to the board. The decision should be reversed and the matter remitted to the board for further proceedings not inconsistent herewith.