■  In the Matter of the Claim of JEAN BAUMAN, Respondent, v LORD ELECTRIC CO. et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed January 15, 1980, which found that claimant's husband's death was causally related to compensable accidental injuries. On October 11, 1974, August Bauman sustained injuries to his left knee, left buttock and thigh when he was struck by an automobile. On the date of happening of the accident, he weighed 184 pounds. Thereafter, as found by the board, he experienced frustrations which led to overeating and inactivity which caused his weight to balloon to over 300 pounds. This large increase in weight caused increased blood pressure and shortness of breath. On January 28, 1976 an intestinal bypass operation was performed and claimant died on February 10, 1976 from complications re-

sulting from the surgery. The Workers' Compensation Administrative Law Judge, whose decision was affirmed by the board, found that decedent's death was causally related to the injuries he sustained in the accident of October 11, 1974. This appeal ensued. There must be a reversal. It is clear from the medical testimony of decedent's physician that the bypass surgery was necessitated by accelerated obesity causative of rapidly disabling physical symptoms and not by the injuries sustained in the accident. Dr. Zikria, decedent's doctor, stated that the purpose of the surgery was to dramatically reduce caloric intake which, in turn, would have the secondary effect of ameliorating the conditions of hypertension and shortness of breath which would give the patient a greater chance of recovering from his injuries. Thus, the doctor stated, "So, his death is not directly related. I would not be able to say that. It probably was indirectly related to what happened." To be compensable, death has to result directly and naturally from the accidental injury. Such is not the case here. The increasing obesity with resultant medical complications was not a direct and natural consequence of the accident *(Matter of Gorkin v Gorkin's Meat Market,* 33 AD2d 727). Further, no request for authorization to engage the services of a specialist, consultant or a surgeon was made to either the employer or insurance carrier as required by subdivision (5) of section 13-a of the Workers' Compensation Law. Decision reversed, and claim dismissed, with costs to the employer and its insurance carrier against the Workers' Compensation Board. Mahoney, P. J., Greenblott, Main, Mikoll and Casey, JJ., concur.