■ In the Matter of the Claim of HENRY L. A'GARD, Appellant, v MAJOR BUILDERS CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [708 NYS2d 736] —Rose, J. Appeal from a decision of the Workers' Compensa-

tion Board, filed June 29, 1998, which ruled that claimant failed to establish a claim for consequential diabetes and obesity.

Claimant sustained a back injury on October 31, 1986 which resulted in a permanent partial disability and an award of workers' compensation benefits. At the time of the accident, claimant, who is just over six feet tall, weighed at least 250 pounds and, within three months of the accident, weighed 300 pounds. Claimant's own physician subsequently testified that 184 pounds was the normal or average weight for a person of his height, age and build. Although Royal Insurances Group, the employer's workers' compensation insurance carrier, paid for a supervised diet program, claimant gained an additional 50 pounds by September 1994 when he was diagnosed with diabetes. Thereafter, claimant sought additional compensation benefits claiming that his diabetes and obesity were consequential to his back injury in that it limited his physical activity and caused him to be depressed. The Workers' Compensation Board affirmed the decision of the Workers' Compensation Law Judge disallowing the claim, prompting this *pro se* appeal by claimant. We affirm.

We find without merit claimant's contentions that the Board's processing of his claim was tainted by conspiracy and violated his civil rights, as these claims find no support in the record. Indeed, the record reveals that claimant's counsel provided competent representation and adequately exercised and protected claimant's rights. Moreover, substantial evidence supported the Board's determination (*see, Matter of Spoerl v Armstrong Pumps*, 251 AD2d 915, 916, *lv denied* 92 NY2d 820). Claimant's treating physician testified that the form of diabetes suffered by claimant is attributable to genetic predisposition compounded by obesity and sedentary lifestyle. The physician for the employer's workers' compensation insurance carrier indicated that within three months of the initial injury, claimant was 100 pounds over normal weight and, as such, was morbidly obese at that time. Clearly, there is ample medical testimony to support the Board's determination that claimant's diabetes was attributable to his preexisting obesity and thus not compensable as a consequential injury (*see, Matter of Gorkin v Gorkin's Meat Mkt.*, 33 AD2d 727).

Mercure, J. P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.