■ In the Matter of the Claim of SANDRA I. WALLACE, Appellant, v NESTLES CHOCOLATE COMPANY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [730 NYS2d 378] —Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed August 4, 2000, which ruled that the death of claimant's decedent did not arise out of and in the course of his employment and denied the claim for workers' compensation death benefits.

Claimant's decedent, a 49-year-old forklift operator, underwent trigger release surgery on two fingers to relieve a work-related condition. The surgery, which was performed under a local anesthetic, lasted approximately 35 minutes during which there were no problems. After decedent's transfer to a recovery room, he began to experience respiratory problems and his condition deteriorated. He experienced respiratory and cardiac arrest and, despite efforts at resuscitation, he died approximately three hours after surgery. The reported cause of death was cardiac arrest as a result of myocardial infarction. The Workers' Compensation Board ultimately concluded that decedent's death was not causally related to his compensable hand injury, prompting this appeal by claimant.

There is undisputed evidence that decedent had a history of diabetes, hypertension, vascular occlusive disease and coronary artery disease which resulted in a myocardial infarction five years prior to the surgery. Less than two weeks prior to the surgery, he sought medical attention for chest pain, and the night before the surgery he apparently experienced some shortness of breath. There is also undisputed evidence that the postoperative care received by decedent was inadequate and that this inadequate or improper care contributed to decedent's death. Claimant contends that because the postoperative care which contributed to decedent's death was the result of the surgery which, in turn, was a consequence of the work-related hand injury, the Board was obligated to find that decedent's death was causally related to his employment.

There is ample evidence in the record to support the conclusion that decedent's cardiac arrest was a direct result of the progression of his underlying cardiac condition. That his death can be attributed to the lack of timely adequate intervention as his condition deteriorated in the recovery room does not, as claimant contends, require a finding of causal relationship between the hand surgery and decedent's death. "To be compensable, death has to result directly and naturally from the accidental injury" (*Matter of Bauman v Lord Elec. Co.*, 79 AD2d 806, 807). The medical evidence relied on by the Board, particularly the report and testimony of the impartial specialist, demonstrates that although the compensable hand injury and resulting surgery furnished the occasion for the inadequate treatment of decedent's deteriorating preexisting cardiac condition, neither the hand injury nor the surgery caused decedent's death (*see, Matter of Robbins v Frohlich*, 303 NY 987). The conflicting expert opinions and apparent inconsistencies in the impartial specialist's testimony presented questions of credibility for the Board to resolve (*see, Matter of Kinard v Battle Verzeni Constr. Co.*, 160 AD2d 1208).

Cardona, P. J., Mercure, Peters and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.