■ In the Matter of the Claim of JOYA TUCCI, Claimant, v ALICE N. KIMBALL, Doing Business as KIDDIE GARDEN NURSERY SCHOOL, et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [735 NYS2d 821] —Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed April 10, 2000, which ruled, inter alia, that claimant's urinary incontinence was consequential to a compensable back injury.

Claimant, a nursery school teacher, sustained a work-related injury to her lower back in December 1974 and thereafter was classified as permanently partially disabled and awarded workers' compensation benefits. Claimant continued to seek treatment for her back condition and underwent a second laminectomy in 1993.* Thereafter, in 1996, claimant was referred to a urologist for evaluation and treatment of her worsening history

---

* Claimant previously had undergone a laminectomy for an unrelated back injury in 1962.

of urinary incontinence. Ultimately, the Workers' Compensation Board affirmed the Workers' Compensation Law Judge's finding that claimant was totally disabled as a result of her urgent urinary incontinence which, in turn, was a consequence of her prior work-related injury. This appeal by the employer and its workers' compensation carrier ensued.

We affirm. Although the record indeed contains conflicting medical opinions regarding the cause of claimant's urgent urinary incontinence, such conflict and any inconsistencies in the testimony offered presented credibility issues for the Board to resolve (see, Matter of Wallace v Nestles Chocolate Co., 286 AD2d 851, 852). As the testimony offered by the neurologist who examined claimant is sufficient to establish that claimant is totally disabled as a result of her 1974 work-related injury, the Board's decision is supported by substantial evidence and, as such, will not be disturbed. The remaining arguments raised on appeal, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Cardona, P.J., Mercure, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.